## Case No. 6,502.

HILL et al. v. WHITCOMB et al.

[1 Ban. & A. 34; Holmes, 317; 5 O. G. 430; 1 Am. Law T. Rep. (N. S.) 382.][1]

Circuit Court, D. Massachusetts. Feb. 13, 1874.

PATENTS—GRANTEE—SUIT FOR VIOLATION BY—RIGHTS.

1. A licensee under a patent, with the exclusive right to use, rent and vend a patented article within a specified territory, cannot main-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and by Jabez S. Holmes, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 1 Ban. & A. 34, and the statement and briefs are from Holmes, 317.]

tain a suit for an injunction and account against parties using the patented article in violation of the license.

[Cited in Hammond v. Hunt, Case No. 6.003; Goddard v. Wilde, 17 Fed. 846; Webster v. Ellsworth, 36 Fed. 328; Blair v. Lippincott Glass Co., 52 Fed. 227.]

2. A licensee cannot maintain an action for infringement in his own name.

3. When the patentee sells to a person a machine, embodying the patented invention, with a covenant that the vendee shall be the exclusive licensee, and have the sole right to use the patented invention within a specified territory, and thereafter sells to another the patented invention, in violation of the contract, the licensee cannot enforce his rights by bill in equity, under the jurisdiction conferred upon the federal courts by the patent act.

[Cited in Vaughan v. East Tennessee, etc., R. Co., Case No. 16,898; Hartell v. Tilghman, 99 U. S. 554; Albright v. Teas, 106 U. S. 620, 1 Sup. Ct. 550.]

4. The licensee might seek relief for the breach of contract under the general equitable jurisdiction of the federal courts, but in that case he must bring himself within the rule with regard to the citizenship of the parties, otherwise he must seek redress in the state courts.

[Bill in equity to restrain alleged infringement of an exclusive right of the complainants [Wade H. Hill and others] under letters-patent for improvements in printing-presses, granted Edwin Allen Oct. 22, 1867 [No. 70,063], Nov. 12, 1867 [No. 70,773], and Feb. 4, 1868 [No. 73,943], and for an account. The Allen Manufacturing Company, the owner of the patents, granted to the complainants the exclusive right to use, rent, and vend, presses containing the patented improvements, in the county of Worcester, Massachusetts, and state of Rhode Island; and covenanted to protect and defend the complainants in the use and enjoyment of that exclusive right. Afterwards, and before the filing of the bill, the Allen Company sold at Norwich, Connecticut, to G. Henry Whitcomb & Co., defendants, for use in their factory at Worcester, a press containing the patented improvements; which press was, in fact, there used. Before the purchase of the press, G. Henry Whitcomb & Co. had notice of the grant of the exclusive right to the complainants. The Allen Company was joined as defendant.][2]

Causten Browne and Jabez S. Holmes, for complainants.

[The complainants own the exclusive right to use, rent, and vend, in Worcester county, &c., presses containing the patented improvements. The press in use by the defendants Whitcomb contains those improvements. This being so, the complainants can maintain this suit. As they do not own the whole monopoly for the specified territory, they could not maintain an action at law for damages against a user of infringing machines. But neither the reason nor the language of the statute forbids them to maintain this suit in equity. Act 1870, §§ 55, 59 [16 Stat. 206, 207]. The right to maintain a suit in equity, on such a title as the complainants hold, is recognized

[2] [From Holmes, 317.]

by judicial decisions. Brammer v. Jones [Case No. 1,806]; Ogle v. Ege [Id. 10,462]; Goodyear v. Central R. Co. of New Jersey [Id. 5,563]; Sanford v. Messer [Id. 12,-314]. All parties owning any part of the monopoly for the county of Worcester, &c., are before the court and subject to its decree. This case differs essentially from those in which it has been held that an unconditional sale of a patented article by one who has a right so to sell it, discharges it from all claim under the patent. In order to take a patented article out of the protection of the patent, there must be a sale of it, without condition or restriction, by one authorized so to sell it. Adams v. Burks [Id. 50]; Sanford v. Messer [supra]; Hawley v. Mitchell [Case No. 6,250]; Mitchell v. Hawley [16 Wall. (83 U. S.) 544]. The sale to the Whitcombs in this case does not meet these conditions. Upon the principle that equity will treat as done that which by agreement ought to have been done, it is to be taken in this case that the Allen Company sold the press to the Whitcombs, with the restriction which it was bound, and the purchasers knew it was bound, to put upon its use. Taylor v. Stibbert, 2 Ves. Jr. 437.] [8]

G. S. Hillard, M. F. Dickinson, Jr., and J. E. Maynadier, for defendants.

[The complainants have no right to the exclusive use of the patented improvements in such presses as that of the defendants. If they have, this suit cannot be maintained. The defendants' vendor, the owner of the patents, gave them such a title to the machine that it passed outside of the monopoly, and the defendants acquired the right to use it without regard to the patents. The royalty of the patentee has been paid; and the property sold passed from under the protection of the patent laws, and was subject, like other property, only to the operation of the laws of the state. Hawley v. Mitchell [supra], and cases cited; Adams v. Burks [supra]; Goodyear v. Beverly Rubber Co. [Case No. 5,557]; Washing Mach. Co. v. Earle [Id. 17,219]; McKay v. Wooster [Id. 8,847].] [8]

SHEPLEY, Circuit Judge. The Allen Manufacturing Company, being the owners of the rights secured by three different letters-patent of the United States, for the inventions of Edwin Allen in improvements in printing-presses, on the 1st of February, 1871, entered into a certain contract with the complainants. This bill is brought to enforce the rights of the complainants under that contract.

The contract begins with a recital that the Allen Manufacturing Company are the owners of a patent automatic envelope-printing press. In fact, they were then manufacturing a printing-press which they styled a patented automatic envelope-printing press, in the organization of. which were included the inventions secured by the three patents above mentioned. "The exclusive right to use. rent. and

vend, said presses in the county of Worcester and in the state of Rhode Island" is granted to Hill, Devoe & Co., the complainants, the Allen Manufacturing Company reserving for themselves "the exclusive right to manufac ture said presses." The second clause in the contract provides that the company shall, within a reasonable time, supply all presses ordered by complainants in writing, and also that such presses shall be in all respects complete and perfect, and provided with all the improvements then in use with said presses, and owned or under the control of the party of the first part; and said parties of the second part, the complainants, "shall have the exclusive right to said improvements in the territory aforesaid under the terms of this agreement." The third clause is a covenant to protect and defend the complainants in the exclusive use and enjoyment of the said automatic envelope-printing presses in the territory aforesaid, and of the improvements aforesaid, and to protect them against all claims and demands of all persons for infringement or damage therefor. The fourth clause provides for the payment by complainants of the sum of one thousand dollars for each press ordered and received by them, and of a royalty of one dollar per day on each press on which envelopes can be printed of size No. 6, and corresponding royalties for other sizes, "when said parties of the second part shall be protected in the exclusive use and enjoyment of them according to this agreement." The fifth clause contains provisions concerning the sale by complainants to other parties, not material to the subject-matter of this inquiry. It is provided in the sixth clause that complainants shall have the exclusive right in said territory to use any and all improvements upon said presses which shall hereafter be made, and which shall be owned by, or under the control of, said parties of the first part, and shall have the right to adapt said improvements to all presses purchased by them before the date of said improvements.

The complainants were. therefore, not grantees of an exclusive right under the patents, or any of them, to the whole or any specified part of the United States. They were licensees, with the right of using. and vending to others to be used, within the specified territory, such presses embodying the patented inventions as they might purchase of the Allen Company, which owned the patents; having coupled with that license a grant of the exclusive right to use, rent, and vend, said presses in the specified territory upon the prescribed conditions, and a covenant for protection in "the exclusive use and enjoyment of said automatic printing-presses aforesaid, and of the improvements aforesaid."

Such a contract clearly gives the licensee no right of action for an infringement of the patent. To enable the purchaser to sue, the assignment must undoubtedly convey to him the entire and unqualified monopoly which the patentee held in the territory specified, excluding the patentee himself as well as others.

---

[8] [From Holmes, 317.]

Any assignment short of this is a mere license; and the legal right in the monopoly remains in the patentee, and he alone can maintain an action against a third party who commits an infringement upon it. Gayler v. Wilder, 10 How. [51 U. S.] 494; Sanford v. Messer [Case No. 12,314].

After the first day of February, 1871, the date of the contract, the Allen Manufacturing Company, at Norwich, in the state of Connecticut, sold to G. Henry Whitcomb and David Whitcomb, the other defendants, a certain printing-press manufactured by the company, of a style known to them as a job-press, being a press of different style from the one in use by complainants, but containing the inventions covered by the three letters-patent before mentioned; and the Whitcombs used this job-press from time to time in their business at Worcester. There is evidence in the case tending to show such notice of the contract between the Allen Manufacturing Company and Hill, Devoe & Co., the complainants, as would, according to the rules established in courts of equity, put them upon inquiry, and charge them with knowledge of all the facts to which such inquiry would lead. Complainants bring this bill against the Whitcombs and the Allen Manufacturing Company for the use of said press, charging it to be without their consent, and in violation of the orators' rights and privileges under said letters-patent. and the exclusive right and privilege granted to them, and as an infringement upon the exclusive rights and privileges of the complainants under the three letters-patent aforesaid.

All of the defendants strenuously insist that the sale of the job-press to the Whitcombs, to be used in Worcester, was not in violation of the exclusive rights and privileges granted to the complainants, by reason of the differences in the construction and operation of the job-press, as compared with the automatic envelope-press. I am, however, of opinion that, inasmuch as the job-press embodied in its organization the three inventions secured by letters-patent, and embodied in the organization of the press described in the contract, the sale of that press to be used in Worcester was a violation of the agreement of the Allen Manufacturing Company to protect the complainants in the exclusive use of the patented improvements in that territory. I am also of opinion, as before stated, that the Whitcombs, in a court of equity, would be charged, upon the evidence in this record, with notice of the equities of the complainants.

The complainants contend that the Allen Manufacturing Company have substantially agreed with the complainants that they would not sell the patented inventions to be used within the limits specified in the contract; that they were limited by the contract not to dispose of machines containing the patented inventions with an unrestricted right of use, but that the right of user should have been, by the conditions of the sale, restricted to territory outside of that territory within which they had covenanted to protect the complainants in the exclusive use. They claim that the defendant, the Allen Company, sold without such restriction, and the Whitcombs, defendants, bought with notice of such contract relations subsisting between the company and the complainants. They claim, therefore, that a court of equity will treat that as having been done which ought to have been done by the parties, and protect the complainants in their right to the exclusive use within the described limits.

This presents the question of the jurisdiction of this court. Objection is made to the equity jurisdiction, upon the ground that the complainants have a plain, adequate, and sufficient remedy at law, by an action for breach of the covenants and agreements in the contract; but this objection would not avail, if this court had jurisdiction by reason of the residence of the parties, for the reason that the remedy at law, in a case like this, would not be as practical and efficient to the ends of justice and its prompt administration as the equitable remedy. Wylie v. Cox, 15 How. [56 U. S.] 415; Garrison v. Memphis Ins. Co., 19 How. [60 U. S.] 312. Another objection is, that the bill in this case does not set out, as a claim for equitable relief, supposed equities springing from a violation of the contract and notice to the Whitcombs, but is a bill for injunction and account, on the ground of alleged infringement of the exclusive rights of the complainants, under the several patents set out in the bill. This objection is well taken. The bill cannot be sustained as a bill for infringement of rights under letters-patent. The complainants are licensees only, and as such cannot maintain an action for infringement in their own name. The defendants are not infringers of any rights under letters-patent. The Allen Manufacturing Company were the owners by assignment of the letters-patent, and sole owners for the United States. They cannot, therefore, be infringers. The other defendants, the Whitcombs, bought their press of the company, which had the power to convey to them a machine, with the right to use it anywhere in the territory owned by the grantors, which embraced the whole United States. They are not infringers under the patent law. The mere fact that the patentees, in violation of a covenant which they had made with other parties not to do so, had conveyed to them the unrestricted right to use the patented inventions, did not make them infringers of any rights under the letters-patent.

For these reasons the bill, in its present form, cannot be maintained. Inasmuch, however, as that objection might be obviated by an amendment of the bill, setting out the grounds of equitable relief upon which the complainants rely, I think it better not to rest the decision upon any technical grounds as to the form of the bill and the grounds of equitable relief set up in the record, but to consider

the case as if the grounds relied upon were well charged in the pleadings. The question then presented would be: When the patentee, or his assignee, of letters-patent for an invention, sells to a person a machine embodying the patented invention, with a covenant that the vendee and licensee shall be the exclusive licensee, and have the sole right to use the patented invention within a described territory; and thereafter sells to another the patented invention in violation of his contract, to be used in the described territory, such second vendee having notice of the first contract, can the licensee enforce his rights by bill in equity in the federal courts, without regard to the citizenship of the parties, under the jurisdiction conferred upon those courts by the patent act? The fifty-fifth section of the act of July 8, 1870, enacts "that all actions, suits, controversies, and cases, arising under the patent laws of the United States, shall be originally cognizable, as well in equity as at law, by the circuit courts of the United States; . . . and the court shall have power, upon bill in equity filed by any party aggrieved, to grant injunctions, according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable." Is the case supposed a case or controversy arising under the patent laws of the United States? I feel compelled to come to the conclusion that it is not. It is a case arising under a contract in relation to a machine embodying in its organization three or more patented inventions. But it is a case arising out of the contract and the relations of the parties under that contract, and not under the patent laws of the United States. If the Allen Manufacturing Company were the sole manufacturers of a certain description of printing-presses not patented, and should sell one of such presses to the complainants, with a covenant that they would not sell any like press to any other person, to be used in the same territory to compete with the complainants; and afterward should sell to another person who had notice of the contract, a like printing-press, to be used in the same territory in competition with the first vendees, it would present a case furnishing precisely the same ground for equitable jurisdiction as that claimed to exist in the present case. It would present a case cognizable in a court of equity in the state of which the parties were citizens, if the court should be of opinion that there was not a full, adequate, and complete remedy at law. It would, in my opinion, present a case for equitable relief in this court, if, by reason of the parties being citizens of different states, this court had jurisdiction of the case. But it would not be, and this case is not, a bill to prevent "the violation of a right secured by patent," but of a right secured by contract. The machine purchased by the Whitcombs of the patentees had passed out of the monopoly and from under the protection of the patent laws of the

United States, and was, like other property, subject only to the operation of the laws of the state. Goodyear v. Beverly Rubber Co. [Case No. 5,557]; Adams v. Burks [Id. 50]; Hawley v. Mitchell [Id. 6,250]; Bloomer v. McQuewan, 14 How. [55 U. S.] 549; Wilson v. Rousseau, 4 How. [45 U. S.] 646; Washing Mach. Co. v. Earle [Case No. 17,219].

In a court of general equity jurisdiction, the fact that the patentee had, in fraud of his contract, conveyed such a right to use the machine in the city of Worcester to one who had notice of the contract, would furnish a ground for equitable relief, for the very reason that thereby the purchaser had acquired the right to use the machine without violation of the patent laws, when the patentee had stipulated that no one but the first licensee should be able to do so without being liable as an infringer. The case is like that, cited by complainant's counsel, of Taylor v. Stibbert, 2 Ves. Jr. 437, where the vendor of real estate was bound to grant a lease, or answer in damages for non-performance. The purchaser bought with notice of the contract, and the court held that he must fulfil it. The equitable jurisdiction springs in that case from the breach of the contract, the notice of it to the vendee, and the want of an adequate legal remedy. Admitting that all these elements exist in the present case, they do not confer jurisdiction in this case over these parties; for these facts alone do not bring the case within any grant in the constitution to congress of judicial power, or any act of congress conferring such power on the federal courts.

Bill dismissed.