STATE OF CONNECTICUT *v.* ANTHONY J. VELICKA

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and COVELLO, Js.

Argued April 6—decided May 8, 1956

*Sebastian J. Russo,* for the appellant (defendant).

*Douglass B. Wright,* assistant state's attorney, with whom, on the brief, was *Albert S. Bill,* state's attorney, for the appellee (state).

INGLIS, C. J.   The information charged that the defendant "did attempt to commit robbery and in

perpetration thereof did use personal abuse, force and violence, in violation of Section 8877 and 8357 of the General Statutes." The jury returned a verdict of guilty. From the judgment rendered thereon the defendant has appealed, assigning as error the denial of his motion to set aside the verdict.

The jury might reasonably have found the following facts. In the afternoon of December 24, 1954, the defendant entered a clothing and tailoring store operated by Anthony Signorelli on Main Street in Hartford. He walked through the store to the back room, where Signorelli was pressing clothes. The defendant held his right hand in his pocket, making it appear that he was carrying a gun. Actually, he had no weapon with him. As he approached Signorelli, he said: "This is it. Give me all you got." Signorelli handed the defendant thirty cents, which he had in his pocket, but the defendant refused to take it, saying: "Give me the money. Otherwise I'll put the bullets in you." The defendant searched Signorelli but found no more money on him. He then punched Signorelli three or four times in the face. Thereupon Signorelli picked up some scissors and started toward the defendant, who ran toward the front of the store, with Signorelli, scissors in hand, pursuing him. Near the front of the store the defendant picked up an umbrella which he found there and struck Signorelli over the head with it with such force that the umbrella broke in two. As the defendant left the store, he was intercepted by Signorelli's son-in-law, who happened to be on the sidewalk.

Section 8877 of the General Statutes reads: "Unless otherwise expressly provided, any person who shall attempt to commit any crime . . . prohibited by statute shall be subject to the same penalty as pro-

vided by statute for the commission of such crime
. . . ." Section 8357 provides in part: "Any per-
son . . . who shall commit robbery, and in perpetra-
tion thereof use any personal abuse, force or vio-
lence . . . shall be imprisoned . . . ."

The defendant concedes that the jury, under the
facts of this case, were warranted in concluding that
he was guilty of an attempt to commit a robbery
and that his acts in punching Signorelli in the face
and striking him over the head with an umbrella
constituted personal abuse, force and violence, as
those terms are used in § 8357. His sole contention
is that the jury were not warranted in concluding
that the exercise of abuse and violence occurred in
the perpetration of the attempted crime of robbery
since it took place after the attempted robbery was
completed. This contention requires a decision of
the question what is meant by the phrase "in per-
petration" of a robbery as that phrase is used in
§ 8357.

The question of the meaning of such a phrase
arises most frequently under statutes, quite com-
mon in all jurisdictions, which provide that a killing
done in the perpetration of a felony shall constitute
murder in the first degree. It is ordinarily held that
under such statutes a killing done at a place in close
proximity to the scene of the commission of a felony
and in aid of the felon's escape may be found to be a
killing done in the perpetration of a felony. *People*
v. *Wallace,* 36 Cal. App. 2d 1, 4, 97 P.2d 256; *State* v.
*Messino,* 325 Mo. 743, 764, 30 S.W.2d 750; *State* v.
*Gimbel,* 107 N.J.L. 235, 241, 151 A. 756; *Common-
wealth* v. *Hough,* 358 Pa. 247, 250, 56 A.2d 84. In
*Bissot* v. *State,* 53 Ind. 408, 413, it was held that
where, after a burglar had completed the breaking
and entering, he had killed a person within the

building, the killing was "in the perpetration" of the burglary. To the same effect is *State* v. *Burzette,* 208 Iowa 818, 828, 222 N.W. 394.

On the strength of these authorities, therefore, it is apparent that it is not essential that an act, to be done in the perpetration of a crime, be an act done for the purpose of furthering the accomplishment of the crime. Accordingly, we said in *State* v. *Rogers,* 143 Conn. 167, 177, 120 A.2d 409: "The words of the statute [defining first degree murder] 'in perpetrating, or in attempting to perpetrate, any . . . robbery' mean a killing done at any time within a sequence of events directly connected with a robbery and the escape from the scene of it." In other words, if an act is done as part of a continuous transaction which includes a robbery or attempted robbery, the act is done in the perpetration of the robbery or attempted robbery. *People* v. *Chavez,* 37 Cal. 2d 656, 670, 234 P.2d 632; *Bissot* v. *State,* supra; *State* v. *Gimbel,* supra; *Conrad* v. *State,* 75 Ohio St. 52, 70, 78 N.E. 957; *State* v. *Adams,* 339 Mo. 926, 933, 98 S.W.2d 632; *State* v. *Messino,* supra.

It must be borne in mind that there is a distinction between the force used by a robber in removing property from the person of another, or in his presence—that force being an essential element of the crime of robbery—and the abuse and violence which, exercised "in perpetration" of a robbery, aggravates a simple robbery and makes it a robbery with violence. The former force must be used at the very time of the taking of the property and as a part of the taking. Miller, Criminal Law, p. 392. The latter force may be exercised at any time, so long as it forms a part of the transaction in which the robbery is committed. In the present case, therefore, it makes no difference what purpose the defendant had in strik-

ing the blows which constituted the abuse and violence. It may have been, as his counsel suggests, that he punched Signorelli simply because he was angry that Signorelli had no more money. Or it may have been, as the jury might reasonably have inferred, that his purpose was to frighten Signorelli so that he would produce more money. The jury could reasonably, and apparently did, conclude that the punching was within the sequence of events directly connected with the attempted robbery. Likewise, it was within reason for the jury to conclude that the beating with the umbrella was an incident in the defendant's attempt to escape from the scene of the crime and therefore was a part of a single transaction of which the attempted robbery was also a part. Consequently, the verdict of guilty of attempted robbery with violence was supported by the facts which the jury might well have found proved, and it was not error for the trial court to deny the motion to set the verdict aside.

There is no error.

In this opinion the other judges concurred.