## PEOPLE v. HERBERT SANDERS

1. ROBBERY—ARMED ROBBERY—ASSAULT—PLEA OF GUILTY—TRUTH OF PLEA.

   Sufficient facts were presented to allow the court to accept a plea of guilty of assault with intent to rob and steal being armed where defendant stated he followed a woman into her home and, while armed, took a bag of money from a room by stealth, then after being discovered, took her purse from another room and, while fleeing from the house, fired a shot into the air to prevent his apprehension (MCLA § 750-.89).

2. ROBBERY—ARMED ROBBERY—ASSAULT—INTENT.

   The specific intent requisite to sustain a conviction of assault with intent to rob and steal being armed can be ascertained

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur, Robbery § 66.
21 Am Jur 2d, Criminal Law § 484 *et seq.*

by viewing the incident of the taking in its totality, including the facts that defendant took a purse and bag of money from a house while armed, that the owner saw him run from the house and screamed for help, and that the gun was exposed when he fired a shot at the commencement of his escape (MCLA § 750.89).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 October 9, 1970, at Detroit. (Docket No. 8,236.) Decided December 1, 1970.

Herbert Sanders was convicted, on his plea of guilty, of assault with intent to rob and steal being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and ENGEL,* JJ.

LESINSKI, C. J. Defendant Herbert Sanders was convicted and sentenced, upon his plea of guilty, of assault with intent to rob and steal being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). He appeals as of right alleging that the trial court's inquiry into the facts surrounding the guilty plea did not establish the essential elements of the crime in violation of the requirements of GCR 1963, 785.3 and *People* v. *Barrows* (1959), 358 Mich 267, 272.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The record shows that defendant stated he followed a woman into her home and, while armed, took a bag of money from the bedroom by stealth. After he was discovered, he took her purse from the living room and fled from the house to a waiting automobile. He stated he was pursued by the woman's grandson and that he fired a shot into the air to prevent the grandson from catching him or obtaining the license number of the car.

Defendant's argument is based on a claimed absence of facts evidencing an assault. He points to passages of the transcript where he states that the gun was not exposed while he was in the house and that the victims were not aware of the theft until he had snatched the bag and was headed out of the house.

We find that sufficient facts were presented to allow the trial court's acceptance of the proffered plea of guilty. It is clear that the woman saw defendant run from the house with her purse and bag of money, because defendant acknowledged that it was then that she screamed for help. It is also clear that the gun was exposed when the shot was fired, at the commencement of the escape. From these facts the trial judge could properly find that defendant committed an assault and that the taking was not completed until after defendant made his escape. The remaining issue is whether the facts as stated by defendant support a finding of specific intent to rob and steal necessary to support the charge. *Wilson v. People* (1872), 24 Mich 410; *People v. Lilley* (1880), 43 Mich 521.

The general rule is that an assault must be concomitant with the taking in order to support a charge of armed robbery. *People v. Davis* (1966), 50 Cal Rptr 215; 2 Wharton's Criminal Law and Procedure, § 559, p 263; 58 ALR 656. This rule also

applies to the lesser included offense of assault with intent to commit armed robbery. *Hanson* v. *State* (1885), 43 Ohio St 376 (1 NE 136). Research of the current status of the law reveals divergent views as to whether an assault can properly be said to be contemporaneous with the taking when made in escape from the victim.[1] We find no Michigan case directly on point. A close reading of the cases from other jurisdictions reveals no valid basis for isolating the incidents of the entire event when the taking is not effectively completed until after the assault. *Hermann* v. *State* (Miss, 1960), 123 So 2d 846. It is the opinion of this Court that the incident of the taking must be viewed in its totality in order to ascertain the intent of the defendant when the assault occurs.

As stated in *People* v. *Bartlett* (1969), 17 Mich App 205, 208:

"The court rule does not, however, require that the offense to which the defendant pleads guilty must be established beyond peradventure before the trial judge may accept a proffered plea of guilty. It requires, in the words of the *Barrows* court [*supra*], (p 272) 'reasonable ascertainment of the truth of the plea.' "

We find that the trial judge could properly infer the specific intent necessary to support the charge of assault with intent to rob and steal being armed from the defendant's statements. Such inference is a reasonable ascertainment of the truth of the plea.
Affirmed.

---

[1] See, for example: *People* v. *Jones* (1919), 290 Ill 603 (125 NE 256, 8 ALR 357); 2 Wharton's Criminal Law & Procedure, § 559, p 263; and 58 ALR 656, 662.