PEOPLE v NEAL

Opinion of the Court

1. Criminal Law—Plea of Guilty—Factual Basis—Reasonable Inferences.

A factual basis for a guilty plea to assault with intent to rob and steal while armed was established by the defendant's statements at the guilty plea proceeding where the record indicates that the defendant might have been convicted at trial of the offense, based upon his description of his actions and the reasonable inferences that could be drawn therefrom.

Dissent by D. E. Holbrook, Jr., J.

2. Assault and Battery—Criminal Law—Intent to Rob and Steal—Armed Assault—Statutes.

*The elements of the crime of assault with intent to rob and steal while armed are: (1) an assault, (2) an intent to commit a larceny from a person through fear and violence, and (3) being armed with a dangerous weapon (MCLA 750.89; MSA 28.284).*

3. Assault and Battery—Criminal Law—Intent to Rob and Steal—Armed Assault.

*To constitute the crime of assault with intent to rob and steal while armed, it is the general rule that the assault must occur simultaneously with the intent to rob; however, an exception to this rule exists in Michigan where the assault occurs during flight contemporaneous to a theft without force.*

4. Criminal Law—Inferences.

*Inferences may be drawn from established facts; but inference may not be built upon inference.*

References for Points in Headnotes

[1, 5, 6] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2, 3] 50 Am Jur 2d, Larceny § 55.
[4] 21 Am Jur 2d, Criminal Law § 81.
[7] 21 Am Jur 2d, Criminal Law §§ 503–506, 509.

5. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—ASSAULT AND
     BATTERY—INTENT TO ROB AND STEAL—ARMED ASSAULT.

   *A factual basis for assault with intent to rob and steal while
   armed was not established at a guilty plea proceeding where all
   that the defendant admitted to was that he drew a gun on a
   man and refused to return the man's money, and where, to
   establish the elements of the crime, the finder of fact must
   infer that the defendant had participated in a theft and then
   infer that the assault occurred shortly after the theft.*

6. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—ASSAULT AND
     BATTERY—INTENT TO ROB AND STEAL—ARMED ASSAULT.

   *A remand to give the prosecutor the opportunity to establish the
   necessary time link between an assault and a theft is the
   proper remedy where the defendant pled guilty to assault with
   intent to rob and steal while armed, but the record does not
   show that the defendant had the requisite intent when the
   assault occurred.*

7. CRIMINAL LAW—PLEA OF GUILTY—SETTING ASIDE PLEA—DISCRE-
     TION.

   *A trial court's discretion should be exercised with great liberality
   when it considers a motion to withdraw a guilty plea.*

Appeal from Genesee, John W. Baker, J. Sub-
mitted March 13, 1975, at Lansing. (Docket No.
20964.) Decided February 9, 1976.

Joseph C. Neal was convicted, on his plea of
guilty, of assault with intent to rob and steal while
armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief, Appellate Division, for the people.

*Barkey & Barkey, P. C.,* for defendant.

Before: Danhof, P. J., and D. E. Holbrook, Jr. and O'Hara,* JJ.

Danhof, P. J. On April 24, 1974, Joseph Cleveland Neal pled guilty to the charge of assault with intent to rob and steal while armed. MCLA 750.89; MSA 28.284. He was sentenced to a term of a minimum of 4 years to a maximum of 15 years in prison on May 29, 1974.

On appeal, the defendant contends the trial court failed to establish a factual basis for the plea as required by GCR 1963, 785.7(3).

In providing the trial court with a factual basis for his plea, the defendant stated that he and his girl friend were approached by a man who wanted his money back. The man claimed his money had been stolen. The defendant pulled a gun on the man, told him that he could not have his money back, and the man left. The man called the police. The defendant indicated he knew the money had in fact been taken from the victim. He further stated that he and the young lady were going together at the time and that they were both heroin addicts. As to the reason for keeping the money, the defendant said, "I had a drug habit that was kind of tough and I wasn't about to give him his money back."

A review of the record in light of *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), thus indicates that the defendant might have been convicted at trial of the offense herein based upon the above description of his actions and the reasonable inferences that could be drawn therefrom.

Affirmed.

O'Hara, J., concurred.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

D. E. HOLBROOK, JR., J. *(dissenting).* I cannot
agree that the defendant admitted sufficient facts
to enable the trial court to accept his plea of guilty
to assault with intent to rob and steal while
armed. While my reading of the record reveals
that the defendant admitted to several crimes,[1] I
fail to see how a fact finder could infer that the
defendant committed the crime to which he pled
guilty. *Guilty Plea Cases,* 395 Mich 96, 128–132;
235 NW2d 132 (1975).

The elementary elements of the crime of assault
with intent to rob and steal while armed are
threefold: (1) an assault, (2) an intent to commit a
larceny from a person through fear and violence,[2]
and (3) being armed with a dangerous weapon.
*Accord, People v Sanford,* 65 Mich App 101, 104;
237 NW2d 201 (1975). It is the general rule that
the assault must simultaneously occur with the
intent to rob. *People v Herbert Sanders,* 28 Mich
App 274, 276–277; 184 NW2d 269 (1970), *State v
Lewis,* 173 Iowa 643, 647; 154 NW 432, 433 (1915),
*State v Sala,* 63 Nev 270, 287, 169 P2d 524, 532
(1946), *Hanson v State,* 43 Ohio 376, 378; 1 NE
136, 137 (1885). In Michigan an exception to the
general rule has been created to allow the assault
to occur during flight contemporaneous to a theft
without force. *People v Herbert Sanders, supra* at
277. However, the exception set forth in *People v
Herbert Sanders* is based on the theory that the
taking is not complete at that time. *Hermann v
State,* 239 Miss 523, 529; 123 So 2d 846, 849 (1960).
It is not enough that the assault occur at a later
time when the victim attempts to regain the prop-
erty. *Thomas v State,* 91 Ala 34, 36; 9 So 81, 92

---

[1] *E.g.,* felonious assault, MCLA 750.82; MSA 28.277, receiving and
concealing stolen property, MCLA 750.535; MSA 28.803.

[2] *People v Chamblis,* 395 Mich 408, 424; 236 NW2d 473 (1975).

(1890), *Montsdoca v State,* 84 Fla 82, 86; 93 So 157, 159 (1922), *State v Sala, supra.*

During the plea taking all that the defendant admitted to was that he drew a gun on the victim and refused to return the victim's money. I can find nothing in the record to indicate when the theft occurred. In order to convict the defendant of the crime to which he pled guilty, it would be necessary for the finder of fact to infer that the defendant had participated in the theft and then infer that the assault occurred shortly after the theft. This is an impermissible inference upon an inference. *People v Atley,* 392 Mich 298, 314–315; 220 NW2d 465 (1974).

Since the prosecutor has failed to establish the necessary time link between the assault and the theft I would remand the case to the trial court for an evidentiary hearing in which the prosecutor would be given the opportunity to establish that missing element. If he is able to do so and there is no contrary evidence the conviction should be affirmed; while if he is unable to do so the plea should be set aside. If the evidence is contradicted the trial court should treat the matter as a motion to withdraw the plea and proceed to exercise its discretion. *Guilty Plea Cases, supra* at 129. That discretion, if it needs to be exercised, should be exercised with "great liberality". *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975), *People v Morgan,* 63 Mich App 686, 690; 235 NW2d 154 (1975) (D. E. HOLBROOK, JR., J., dissenting).

I would remand for proceedings consistent with this opinion.