PEOPLE v BEEBE

1. ROBBERY—ROBBERY ARMED—ELEMENTS.

The essential elements of armed robbery are: (1) an assault committed by defendant upon the complainant, (2) a felonious taking by defendant from the complainant or in his presence of property which might be the subject of larceny, and (3) a defendant armed with a weapon described in the statute.

2. ROBBERY—ROBBERY ARMED—TAKING—ASSAULT.

The general rule is that an assault must be contemporaneous with a taking in order to support a charge of armed robbery.

3. ROBBERY—ROBBERY ARMED—TAKING—ASSAULT.

The definition of a taking from "possession or presence" in a armed robbery case requires the property to be so within the reach, inspection, observation or control of the victim, that he could, if not overcome by violence or prevented by fear, retain his possession of it.

4. ROBBERY—ROBBERY ARMED—TAKING—RIGHT TO POSSESSION.

A taking from the actual physical possession of the victim is not required in an armed robbery case, rather the question is whether, at the time of the defendant's use of force, the victim's right to possession was greater than that of his assailant.

5. ROBBERY—ROBBERY ARMED—TAKING—ASSAULT AND BATTERY.

The incident of the taking in an armed robbery case must be viewed in its totality; there is no reason to isolate the incidents of the entire event when the taking is not effectively completed until after the assault.

6. CRIMINAL LAW—WALKER HEARINGS—APPEAL AND ERROR.

The Court of Appeals conducts a *de novo* review of the lower

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 67 Am Jur 2d, Robbery § 3 *et seq.*
[6] 21 Am Jur 2d, Criminal Law §§ 440, 441.
[7] 81 Am Jur 2d, Witnesses §§ 656–669.
[8] 81 Am Jur 2d, Witnesses §§ 426–433.

court record when assessing claims of error concerning *Walker* hearings and makes an independent determination of the voluntariness of the challenged statements.

7. WITNESSES—CREDIBILITY OF WITNESSES—APPEAL AND ERROR.

The Court of Appeals must give special consideration to the trial court's determination where the trial court was required, in reaching its determination, to weigh the relative credibility of the witnesses.

8. WITNESSES—CRIMINAL LAW—EXAMINATION—PRIOR ARRESTS— PRIOR CONVICTIONS.

A defense request to question a prosecution witness about the arrest and release of another prosecution witness which involved a charge unrelated to the instant case was properly denied, where the matter was not raised when the witness whom it concerned was testifying, and because inquiries may not be made regarding prior arrests or charges against a witness which did not result in a conviction.

Appeal from Midland, James R. Rood, J. Submitted May 6, 1976, at Lansing. (Docket Nos. 23185, 23186.) Decided July 20, 1976.

Michael M. Beebe was convicted of armed robbery and of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *John P. Higgins,* Assistant Prosecuting Attorney, for the people.

*Leonard C. Battle,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH and McGREGOR,* JJ.

McGREGOR, J. The defendant was charged in one complaint and warrant with armed robbery,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCLA 750.529; MSA 28.797 (Count I), and receiving stolen property in excess of $100, MCLA 750.535; MSA 28.803 (Count II), and, in another complaint and warrant, with breaking and entering with intent to commit a larceny, MCLA 750.110; MSA 28.305. The two cases were tried together, but the court granted a directed verdict on Count II of the first case, at the close of plaintiff's proofs. On October 22, 1974, the defendant was found guilty by a Midland County Circuit Court jury of armed robbery and of breaking and entering. Having been subsequently sentenced to a term of from 8 to 15 years in prison for the armed robbery conviction, and to a term of from 5 to 10 years for the breaking and entering conviction, defendant now appeals of right.

On appeal, defendant raises three claims of error. His first contention is that the trial court committed reversible error by denying a defense request for a directed verdict on the armed robbery charge. The request was made at the close of plaintiff's case.

Testimony by the victims, Carl and Vivian Manaeke, comprised plaintiff's foundation for the armed robbery charge. Carl Manaeke, the owner of Krystal's Market in Midland, Michigan, testified that on June 28, 1974, at about 7:45 p.m., he was with his wife in the store. At that time a man, whom Manaeke identified as the defendant, came into the store to purchase several cases of beer. Defendant asked for five cases, and Manaeke went to the walk-in cooler in the back of the store. The defendant moved his car up to the steps so that Mr. Manaeke would not have to carry the cases as far. Manaeke stated that he put the beer in the trunk of the car as a service for the defendant.

After he had put four cases in the trunk and

had come back from the cooler with the last case, he asked his wife if defendant had paid for the beer. She replied that he had not. Mr. Manaeke then told the defendant that he owed them forty-some dollars. At that point, defendant pulled a revolver and pointed it at Manaeke. At this time, the last case of beer was sitting on the counter. Mr. Manaeke testified that defendant was ten feet away from him and that defendant said "We'll call it even", or something like that. Defendant then left the store and drove off in the car.

Manaeke testified that the price of the beer was $44.70, as reflected by a sales slip. It accounted for five cases of beer plus two cartons of cigarettes. The defendant had taken the two cartons of cigarettes from a self-serve area, but Manaeke did not know that until his wife told him after the four cases of beer had been put in the trunk. Manaeke testified that he took two cases at a time out to defendant's car. When defendant opened the trunk, he had to use a screwdriver to do so. Defendant left the fifth case of beer on the counter after he had pulled the gun on Manaeke. Manaeke testified that he always loaded large quantities of beer for a customer as a service before the shopper had paid for it. Vivian Manaeke corroborated her husband's testimony.

On appeal, defendant argues that this evidence was insufficient as a matter of law to present a prima facie case of armed robbery. The essential elements of armed robbery are:

"(1) that an assault was committed by defendant upon the complainant, (2) that the defendant feloniously took any property which might be the subject of larceny from the complainant or in his presence, (3) that the defendant was armed with a weapon described in the statute." *People v Styles,* 61 Mich App 532, 534;

233 NW2d 70 (1975). See also *People v Needham,* 8 Mich App 679, 683; 155 NW2d 267 (1967).

Defendant contends that plaintiff's proofs failed to establish a "felonious taking". Defendant bases this contention on a claim that defendant's alleged taking of property occurred before the alleged assault and, therefore, the taking was not accomplished by means of an assault. Possession, according to defendant, was severed when Mr. Manaeke placed the beer in the trunk of defendant's car. In response, plaintiff describes the evidence as depicting a single transaction in which "the real severing of possession from the owner (Mr. Manaeke) was accomplished by placing him in fear of violence by use of the gun".

Defendant's appeal presents a factual setting of first impression. Facts similar to the instant case have resulted in a divergence of authority in other jurisdictions. The general rule is that an assault must be contemporaneous with a taking in order to support a charge of armed robbery. 2 Wharton's Criminal Law and Procedure, § 559, p 263, *People v Herbert Sanders,* 28 Mich App 274, 276; 184 NW2d 269 (1970). Decisions in other jurisdictions have depended on whether the alleged robbery was viewed as an ongoing transaction or was broken up into its component acts. The majority view has favored the broader "transaction" perspective.[1] A minority of courts have required defendant's use of

---

[1] *See e.g., State v Velicka,* 143 Conn 368; 122 A2d 739 (1956) ("within the sequence of events directly connected with the * * * robbery"), *Commonwealth v Jones,* 362 Mass 83, 87; 283 NE2d 840, 843 (1972) ("causal connection between the defendant's use of violence or intimidation and his acquisition of the victim's property"), *State v McDonald,* 74 Wash 2d 141, 443 P2d 651 (1968), *Hermann v State,* 239 Miss 523; 123 So 2d 846 (1960), *People v Wilkes,* 16 App Div 2d 962; 229 NYS2d 793 (1962), *Fields v State,* 364 P2d 723 (Okla Crim App, 1961), *People v Heller,* 131 Ill App 2d 799; 267 NE2d 685 (1971), *Gray v State,* 10 Md App 478; 271 A2d 390 (1970).

force to precede or occur simultaneously with the physical taking of the property.[2]

We find that relevant Michigan cases and the inherent logic of the majority view compel us to reject defendant's argument here. Regardless of their perspective courts have adopted language from *Commonwealth v Homer,* 235 Mass 526, 533; 127 NE 517, 520 (1920) as a definition of "presence or possession":

> "A thing is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it."

See Perkins on Criminal Law (2d ed), p 281–82, *People v Moore,* 13 Mich App 320, 323; 164 NW2d 423 (1968), *lv den* 381 Mich 796 (1969). Further, actual physical possession has not been required. The question is whether, at the time of defendant's use of force, the victim's "right to possession was * * * greater than that of his assailant". *People v Needham, supra,* at 685.

Here, Carl Manaeke's act of placing four cases of beer in the trunk of defendant's car did not sever his right to possession. If defendant had not intervened with force, he could have and, presumably, would have retained his property. The stolen goods were sufficiently within the victim's control that he could have recovered them if he had not been overcome by fear.

In *People v Herbert Sanders, supra,* we made an analogous holding. Defendant in *Sanders* appealed a plea of guilty to a charge of assault with intent

---

[2] *See e.g., Williams v State,* 124 Ohio St 585; 180 NE 58 (1932), *State v Holmes,* 317 Mo 9; 295 SW 71 (1927), *Mason v Commonwealth,* 200 Va 253; 105 SE2d 149 (1958).

to rob and steal being armed, MCLA 750.89; MSA 28.284. The record revealed that the defendant had followed the victim to her house and had, while armed, removed a bag of money from her bedroom by stealth. After he was discovered, he took her purse from the living room and fled. In doing so, he fired a shot into the air to prevent the victim's grandson from pursuing him.

The Court noted that "[t]he general rule is that an assault must be concomitant with the taking" and concluded that:

"A close reading of the cases from other jurisdictions reveals no valid basis for isolating the incidents of the entire event when the taking is not effectively completed until after the assault. *Hermann v. State* (Miss, 1960), 123 So 2d 846. It is the opinion of this Court that the incident of the taking must be viewed in its totality in order to ascertain the intent of the defendant when the assault occurs." 28 Mich App at 276–277.

We find this view equally as applicable and cogent here.

Defendant's second appellate claim is that error was committed when statements made by defendant to police at the time of arrest were ruled voluntary and admitted into evidence. The voluntariness of defendant's statements was determined pursuant to a *Walker* hearing.[3] In assessing claims of error concerning *Walker* hearings, appellate courts conduct a *de novo* review of the record and make an independent determination of the voluntariness of the challenged statements. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), *People v Juniel,* 62 Mich App 529; 233 NW2d 635 (1975).

[3] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

In the instant case, defendant contended that the challenged statements were involuntary because he was intoxicated when he made them. At the *Walker* hearing, the court heard defendant testify that he had consumed a significant amount of beer prior to his arrest and that he was intoxicated when he was arrested and when he made the challenged confession. At the hearing, the arresting officers and the officer who questioned defendant testified that, while there was alcohol on defendant's breath, his demeanor was not that of a man so intoxicated as to be unable to knowingly waive his rights and make a voluntary confession.

Our review of the record compels us to affirm the lower court's finding of voluntariness. The court's finding necessarily required it to weigh the relative credibility of the witnesses. In such a case, we must give special consideration to the trial court's determination. We find ample evidence in the record to support the court's finding. Several witnesses described defendant's actions as coordinated. Defendant himself testified that he drove a considerable distance and knew where he was going. He stated that he didn't care about his rights, thereby stressing his familiarity with and awareness of the procedure. We find nothing in the challenged statements indicating that defendant was intoxicated when he made them.

Defendant's final claim is that the trial court erred reversibly when it prevented defense counsel from questioning a prosecution witness concerning the arrest and release from jail of another prosecution witness. The arrest and release involved a charge unrelated to the instant case and occurred on the day of trial. We find no basis for this claim. This matter was not raised when the witness

whom it concerned was testifying. In any case, *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), prohibits inquiries about arrests not resulting in a conviction. Additionally, the trial judge excused the jury and satisfied himself that the police had made no deal with the witness concerning the arrest and his testimony.

For the reasons stated, defendant's conviction is affirmed.