PEOPLE v VELASQUEZ

Docket No. 116336. Submitted December 12, 1990, at Lansing. De-
cided May 6, 1991, at 9:45 A.M. Leave to appeal sought.

Saturninno E. Velasquez, Jr., was convicted following a jury trial
in the Calhoun Circuit Court, Stephen B. Miller, J., of armed
robbery. The defendant had taken an automobile for a test
drive and locked the automobile salesman out of the automo-
bile. He then attempted to drive away, and struck the salesman
with the automobile when the salesman attempted to prevent
him from leaving. The defendant appealed, alleging that the
trial court erred in failing to grant his motion for a directed
verdict because there was insufficient evidence of an assault;
because, if there was an assault, there was insufficient proof it
was done in order to assure the taking of the vehicle; and
because the trial court recognized that the defendant had been
overcharged, but nonetheless permitted the case to go to the
jury. The defendant also alleged that the prosecutor abused his
discretion in charging the defendant with armed robbery rather
than the lesser offense of unlawfully driving away an automo-
bile.

The Court of Appeals *held:*

A person may be convicted of armed robbery for using an
automobile as a dangerous weapon in furtherance of an at-
tempt to steal the automobile from the victim.

1. The trial court did not err in denying the defendant's
motion for a directed verdict. Sufficient evidence of an assault,
use of the automobile as a dangerous weapon, and use of force
or coercion in retaining the automobile or in attempting escape
was presented to the jury to preclude the grant of a directed
verdict.

2. The prosecutor did not abuse his discretion in charging the
defendant with armed robbery instead of unlawfully driving
away an automobile. There was sufficient evidence to support a
conviction of armed robbery.

Affirmed.

REFERENCES

Am Jur 2d, Robbery § 6.

See the Index to Annotations under Automobiles and Highway
Traffic; Robbery.

ROBBERY — ARMED ROBBERY — AUTOMOBILES.

> A person may be convicted of armed robbery for using an automobile as a dangerous weapon in furtherance of an attempt to steal the automobile from the victim (MCL 750.529; MSA 28.797).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Ronald S. Pichlik,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for the defendant on appeal.

Before: SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ.

SHEPHERD, P.J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797. He was then sentenced to six to twenty years in prison and now appeals his conviction as of right. We affirm and hold that one may be convicted of armed robbery by using an automobile as a dangerous weapon in furtherance of the attempt to steal the same vehicle.

Defendant's conviction stems from a May 5, 1988, incident in which he went to an automobile dealership under the pretext of being interested in purchasing a car. He took it for a test drive and then tried to steal it. Defendant, in admitting that he attempted to steal the vehicle, claimed he convinced the salesman, Mike Dukeman, who was riding with him, to allow him to stop at a store to show his father the car. According to defendant, the two then went into the store, defendant told the salesman his father was not there, and they went back to the car. Defendant got into the driver's seat but refused to unlock the door for the salesman. Defendant allegedly backed out of the

parking space and attempted to drive away, but the salesman blocked his path and defendant stopped. The salesman, however, testified that defendant backed the car out, lurched the vehicle forward toward the salesman, and "clipped" his leg while attempting to take the car.

Defendant first claims the trial court erred in failing to grant defendant's motion for a directed verdict because (1) there was insufficient evidence of an assault, (2) if there was an assault, there was insufficient proof it was done in order to assure the taking of the vehicle, and (3) the trial court recognized defendant had been overcharged, but nonetheless permitted the case to go to the jury.

When ruling on a motion for a directed verdict, a trial court must consider the evidence presented in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980). Where a defendant challenges the sufficiency of the evidence, the focus is on whether the evidence justifies submitting the case to the jury or requires judgment as a matter of law. *People v Acosta,* 153 Mich App 504, 511; 396 NW2d 463 (1986). Circumstantial evidence and reasonable inferences arising therefrom may constitute satisfactory proof of the elements of the offense. *Id.*

After reviewing the record, we find that defendant's motion for a directed verdict was properly denied. The trial court correctly recognized that questions of the credibility of the witnesses are for the trier of fact. *People v Daniels,* 172 Mich App 374, 378; 431 NW2d 846 (1988). If, as it apparently did, the jury believed the salesman, there was sufficient evidence to support defendant's convic-

tion. According to Dukeman, defendant used the car as a dangerous weapon, to prevent Dukeman from regaining possession of it, and, by "lurching" it toward Dukeman, not only frightened him but also brushed his leg, causing injury.

The armed robbery statute provides in pertinent part that a person must use a dangerous weapon to be convicted of the offense. The statute does not define the meaning of the term "dangerous weapon." However, in *People v Barkley,* 151 Mich App 234, 237; 390 NW2d 705 (1986), we held that an object which is harmless in itself can be a dangerous weapon when used in a manner to induce the victim's reasonable belief that the article is a dangerous weapon. The automobile, in our view, qualifies as a dangerous weapon under that standard.

We further find that the fact that defendant did not assault Dukeman until after defendant had locked him out of the car and attempted to abscond with it is of no import. Robbery is a continuous offense which is not complete until the perpetrator reaches a place of temporary safety. *People v Tinsley,* 176 Mich App 119, 121; 439 NW2d 313 (1989). Hence, the use of force or intimidation in retaining the property taken or in attempting to escape rather than in taking the property itself is sufficient to supply the element of force or coercion essential to the offense of robbery. *Id.* Defendant's motion was properly denied, because there was sufficient evidence to submit the case to the jury. Dukeman's testimony established the elements of the offense. The trial judge could not substitute his judgment for that of the jury on the issue of credibility, and neither can we.

Defendant's second contention is that the prosecutor abused his discretion in charging defendant with armed robbery rather than the lesser offense

of unlawful driving away of an automobile, MCL 750.413; MSA 28.645. We disagree. Prosecutors have broad discretion in determining under which of two applicable statutes to prosecute. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972). We find no abuse of discretion in this case because there was sufficient evidence to support the charged offense.

Affirmed.