# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 22, 2015

Plaintiff-Appellee,

v

No. 322146
Wayne Circuit Court
LC Nos. 13-004023-FC;
13-003991-FH

MONTE AARON ARNOLD,

Defendant-Appellant.

Before: GADOLA, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Defendant, Monte Arnold, appeals as of right his bench trial convictions of assault with intent to do great bodily harm[1], MCL 750.84, third-degree fleeing and eluding, MCL 257.602a(3)(a), resisting and obstructing a police officer, MCL 750.81d(1) (LC No. 13-004023-FC), and uttering and publishing forged documents, MCL 750.249 (LC No. 13-003991-FH). The trial court sentenced him, as a fourth habitual offender, MCL 769.12, to 9 to 20 years' imprisonment for the assault with intent to do great bodily harm conviction, 4 ½ to 10 years' imprisonment for the third-degree fleeing and eluding conviction, 3 ½ to 10 years' imprisonment for the resisting and obstructing a police officer conviction, and 4 to 14 years' imprisonment for the uttering and publishing forged documents conviction. We affirm.

This case arises from an incident in which defendant rapidly accelerated his car toward Novi Police Detective Jeremy Stempien as defendant attempted to escape after being caught during a "buy and bust" sting operation associated with a task-force effort to crack down on car parts purchasing scams against auto dealerships. Detective Stempien, who was part of a group of officers that attempted to apprehend defendant, testified that defendant jumped into his automobile and attempted to drive away from the officers as they moved in to make an arrest. Detective Stempien, with weapon drawn, shouted commands for defendant to stop driving, but defendant persisted in a path that carried him over a curb, directly at Detective Stempien. Detective Stempien fired his gun at defendant because he believed that defendant was "trying to

---

[1] The trial court acquitted defendant of a charge of assault with intent to commit murder, MCL 750.83, but found him guilty of the lesser offense of assault with intent to do great bodily harm.

run [him] over" and "trying to kill [him]." Detective Stempien testified that he ultimately jumped out of the way in order to avoid being struck by defendant.

Defendant first argues that there was insufficient evidence to support his conviction of assault with intent to do great bodily harm because he lacked the requisite intent to commit the crime. We disagree.

This Court reviews the record de novo when evaluating a claim of insufficient evidence. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). This Court reviews the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011).

The elements of assault with intent to do great bodily harm are: " '(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.' " *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014), quoting *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). Great bodily harm less than murder may also be described as " 'serious injury of an aggravated nature.' " *Stevens*, 306 Mich App at 628, quoting *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). Intent "can be inferred from the defendant's actions, including the use of a dangerous weapon," and "only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *Stevens*, 306 Mich App at 629. It is proper for the factfinder to presume that the defendant intended the natural consequences of his acts. *People v Dillard*, 303 Mich App 372, 378; 845 NW2d 518 (2013).

The evidence is sufficient to support defendant's conviction of assault with intent to do great bodily harm. First, when defendant drove his car directly toward Detective Stempien, he met the first element of the crime by attempting to do corporal harm to Detective Stempien. See *Stevens*, 306 Mich App at 628. Second, there is sufficient evidence in the record for a rational trier of fact to conclude that defendant intended to inflict a serious injury of an aggravated nature on Detective Stempien. Defendant's car could be considered a dangerous weapon because he rapidly accelerated it toward Detective Stempien. See *People v DeLisle*, 202 Mich App 658, 672; 509 NW2d 885 (1993) (holding that the defendant's car could be considered a dangerous weapon because it was "used in a manner reasonably calculated and likely to produce serious physical injury or death") (citation and quotation marks omitted); *People v Velasquez*, 189 Mich App 14, 17; 472 NW2d 289 (1991) (holding that the defendant's car constituted a dangerous weapon because it was "used in a manner to induce the victim's reasonable belief that the article is a dangerous weapon"). Defendant's use of a dangerous weapon reveals his intent to inflict serious harm on Detective Stempien. See *Stevens*, 306 Mich App at 629. Furthermore, had Detective Stempien not jumped out of the way, the natural consequences of defendant's act would have been death or serious injury. It is proper to presume that defendant intended these consequences. See *Dillard*, 303 Mich App at 378. Therefore, the testimony in the record constitutes circumstantial evidence sufficient to convict defendant of assault with intent to do great bodily harm because defendant used a dangerous weapon to perform an act that had a likely consequence of a serious injury of an aggravated nature. See *Williams*, 294 Mich App at 471.

Defendant next argues that his conviction of assault with intent to do great bodily harm was against the great weight of the evidence because the trial court relied on false testimony that was unsupported by the evidence and designed to protect Detective Stempien from prosecution for the alleged use of excessive force against defendant. He makes the bald accusation that "throughout the proceedings, it was well established that the conduct of Detective Stempien was criminal" and that all of the testimony from law enforcement officers in this case was a nefarious attempt to protect Detective Stempien from future liability.

A great-weight challenge is generally reviewed to determine "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011) (citation and quotation marks omitted). Circumstances in which a new trial is merited are fairly extreme—testimony must defy physical realities, contradict physical laws, be "so inherently implausible that it could not be believed by a reasonable juror," or where witness testimony has been "seriously impeached and the case marked by uncertainties and discrepancies." *People v Lemmon*, 456 Mich 625, 643-644; 576 NW2d 129 (1998) (citation and quotation marks omitted). A question regarding witness credibility or conflicting testimony does not merit a new trial. *Id.* at 643. Furthermore, a trial court sitting as a finder of fact is in a superior position to evaluate witness credibility. *People v Ahumada*, 222 Mich App 612, 617; 564 NW2d 188 (1997).

There is no merit to defendant's great-weight challenge. The crux of the prosecution's case against defendant was not implausible. Notably, the evidence was uncontradicted regarding the relevant incident—in an attempt to escape, defendant accelerated his car over the curb directly toward Detective Stempien, who jumped out of the way to avoid being hit. Therefore, judicial interference with the trial court's factfinding and determinations of witness credibility is not warranted in this case. See *Lemmon*, 456 Mich at 643. There is simply no evidence to support defendant's accusation that the testimony in this case was part of a carefully crafted scheme to convict him.

Additionally, we reject defendant's claim that a "lack of evidence" in support of the prosecution's case "speaks volumes" and renders the testimony in this case unreliable. In this regard, defendant claims that the lack of three pieces of evidence renders much of the trial testimony unreliable. First, he claims that his medical records were not presented, which he contends, without any support, would have controverted Detective Stempien's testimony because they would have revealed a gunshot wound on the left side of defendant's body, although Detective Stempien's testimony could only explain a wound on the right side of his body. Second, he notes that Detective Stempien's pants from the day of the accident, which Detective Stempien testified had tire marks on them, were never introduced as evidence because Detective Stempien claimed to have washed them. Third, he states that the video evidence presented in the case did not capture the shooting and infers that this undermines the credibility of the prosecution's witnesses.

None of the "missing" evidence brought up by defendant was necessary for the trial court to be able to properly convict him. As previously discussed, the evidence presented at trial was sufficient. In the context of a great-weight challenge, the relevant evidence is the evidence that was presented at trial—not hypothetical, missing evidence that defendant suggests might have helped his case. See *Lemmon*, 456 Mich at 643. Defendant's allegation of missing evidence

does not reveal any inconsistency or implausibility in the prosecution's theory that would render the conviction against the great weight of the evidence. See *id.* Minor inconsistencies and questions as to plausibility arise regularly in trials, and, although the absence of certain pieces of evidence may have some bearing on the weight of the testimony presented, it is the role of the trier of fact to hear and evaluate the evidence presented in the context of the trial as a whole. See *id.* Nothing in the record suggests that the trial court's factual findings are erroneous or that it improperly relied on the testimony presented. Therefore, defendant's conviction of assault with intent to do great bodily harm was not against the great weight of the evidence. See *id.*

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Jane M. Beckering