PEOPLE v MAKELA

Docket No. 83887. Submitted October 2, 1985, at Marquette.—Decided December 16, 1985.

Defendant, Stacy Makela, was charged with third-degree criminal sexual conduct. The district court bound defendant over to the circuit court on a charge of fourth-degree criminal sexual conduct at the conclusion of his preliminary examination. Defendant appealed the bindover by bringing a motion to quash the information in Houghton Circuit Court. The people filed a complaint for superintending control in circuit court and a cross-appeal from the district court's bindover on fourth-degree criminal sexual conduct instead of the original charge of third-degree criminal sexual conduct. The circuit court, Stephen D. Condon, J., after a hearing, issued an order directing the district court to bind the defendant over on a charge of third-degree criminal sexual conduct. The district court complied with the circuit court order. Defendant appealed by leave granted raising several issues. *Held:*

1. An examining magistrate's function is to determine whether a crime has been committed and whether there is probable cause to believe the defendant committed the crime. In making that determination, the magistrate has a duty to pass judgment not only on the weight and competency of the evidence, but also on the credibility of the witnesses.

2. There were three possible interpretations of the examining magistrate's ruling. If the magistrate based his ruling on the incorrect premise that the force or coercion necessary to establish third-degree criminal sexual conduct is different than that necessary to establish fourth-degree criminal sexual conduct,

REFERENCES

Am Jur 2d, Criminal Law §§ 358-360.

Am Jur 2d, Evidence §§ 251-256.

Am Jur 2d, Rape §§ 1-14, 40.

Constitutionality of "rape shield" statute restricting use of evidence of victim's sexual experiences. 1 ALR4th 283.

Modern status of admissibility, in forcible rape prosecution, of complainant's general reputation for unchastity. 95 ALR3d 1181.

See also the annotations in the ALR3d/4th Quick Index under Magistrates; Preliminary or Pretrial Matters.

then the magistrate abused his discretion in binding defendant over on the lesser charge. Similarly, the magistrate would have abused his discretion if the bindover was based on defendant's knowledge that the victim was mentally incapable, mentally incapacitated, or physically helpless, since the record did not establish that the victim had any of these infirmities. If the magistrate based the bindover on a finding that the sexual conduct was short of penetration, then he would have abused his discretion in the face of unequivocal testimony from the victim, whom he apparently found to be a credible witness, that penetration occurred. The circuit court properly found a clear abuse of discretion.

3. The magistrate did not abuse his discretion in finding force or coercion on the part of defendant.

4. The Sixth Amendment right to confrontation requires only that the defendant be permitted to introduce relevant and admissible evidence. Ordinarily, a complainant's reputation for unchastity or her past sexual conduct with third persons is irrelevant and inadmissible to show consent. The district judge properly refused to allow the defendant to question the victim on her past sexual experiences.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — EXAMINING MAGISTRATES.

An examining magistrate's function is to determine whether a crime has been committed and whether there is probable cause for charging the defendant with that crime.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — EXAMINING MAGISTRATES.

An examining magistrate has a duty to pass judgment not only on the weight and competency of the evidence, but also on the credibility of the witnesses, in determining whether a crime has been committed.

3. CRIMINAL LAW — PRELIMINARY EXAMINATION — EXAMINING MAGISTRATES — REASONABLE DOUBT.

An examining magistrate should not discharge a defendant when evidence conflicts or raises reasonable doubt of the defendant's guilt, since that presents an issue for the trier of fact.

4. RAPE — CRIMINAL SEXUAL CONDUCT — FORCE — COERCION.

Force or coercion for purposes of a prosecution for third-degree or fourth-degree criminal sexual conduct includes, but is not limited to, situations where the actor overcomes the victim through the actual application of physical force or physical

violence, or where the actor forces the victim to submit by threatening to use force or violence and the victim believes the actor has the present ability to execute the threat (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

5. CRIMINAL LAW — PRELIMINARY EXAMINATION — RAPE — CRIMINAL SEXUAL CONDUCT — RAPE-SHIELD STATUTE — RULES OF EVIDENCE.

   Although the rape-shield statute does not appear on its face to apply to preliminary examinations, the Michigan Rules of Evidence contain parallel provisions which do apply (MCL 750.520j[1]; MSA 28.788[10][1], MRE 101, 401, 402, 1101).

6. EVIDENCE — RULES OF EVIDENCE — RELEVANT EVIDENCE.

   Evidence is relevant when it has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence (MRE 401).

7. RAPE — CRIMINAL SEXUAL CONDUCT — EVIDENCE OF PRIOR SEXUAL CONDUCT.

   Ordinarily, a complainant's reputation for unchastity or her past sexual conduct with third persons is irrelevant and inadmissible to show consent.

8. CRIMINAL LAW — CONSTITUTIONAL LAW — EVIDENCE — RIGHT TO PRESENT DEFENSE.

   The Sixth Amendment right to confrontation requires only that the defendant be permitted to introduce relevant and admissible evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *James B. Jenkins,* Prosecuting Attorney, for the people.

*John Emerson Berry,* for defendant on appeal.

Before: D. F. WALSH, P.J., and GRIBBS and SHEPHERD, JJ.

SHEPHERD, J. The defendant was charged with third-degree criminal sexual conduct (CSC), MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), and bound over to the circuit court on fourth-degree CSC, MCL 750.520(e)(1)(b); MSA 28.788(5)(1)(b), at the conclu-

sion of his preliminary examination. Defendant appealed the magistrate's decision to bind him over by bringing a motion to quash in the circuit court. The prosecutor filed a complaint for superintending control in the circuit court against the district court and filed a cross-appeal from the magistrate's decision binding the defendant over on fourth-degree CSC instead of third-degree CSC. After a hearing on the merits of the prosecution's complaint and defendant's motion, the circuit court issued a writ of superintending control which ordered the district court judge to bind the defendant over on third-degree CSC. The district court subsequently bound defendant over on third-degree CSC. We granted defendant's application for leave to consider the merits of the case and do not consider whether the prosecution should have proceeded in the circuit court by way of superintending control or appeal as of right. We affirm the circuit court's order on the merits.

I

At the preliminary examination the complainant testified that after she went to the Calumet homecoming game on the evening in question, she went to a party in Ahmeek, Michigan. Defendant was at the party and offered the complainant a ride home, which she accepted. After leaving the party at midnight, the defendant took complainant to see a home that he was building in Laurium. He then told the complainant that he had to stop at his parents' motel in Lake Linden. After they arrived, defendant invited complainant into his motel room for a minute. She sat on the bed and watched television while the defendant went to the bathroom. Defendant returned and sat on the bed with complainant and put his arm around her

waist and pulled her down onto the bed. While on top of her, defendant removed her blue jeans and panties. Complainant initially testified that she was too scared to say anything. She later testified that, as defendant was removing her pants, she told him that she did not want to do anything. According to complainant, defendant removed his own clothes while he was on top of her. Complainant gave conflicting testimony on whether the defendant removed her jacket and whether the defendant exposed her breasts. Initially, she testified that the defendant had not removed her jacket and had not exposed her breasts. Later, she testified that the defendant had removed her jacket and that the defendant had pushed her shirt and bra up over her breasts and had fondled her breasts. Complainant unequivocally testified that penetration occurred. She explained that she did not try to get away because she was frigthened, but that she did cry during the incident.

The magistrate gave the following reasons for binding defendant ·over to the circuit court on fourth-degree CSC rather than third-degree CSC:

"Here, of course, the People do not have the burden of proof that they do at a trial, where, of course, the proof must be beyond reasonable doubt. Now, of course, the defendant is charged with criminal sexual conduct in the third degree and the statute, of course, provides that if a person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exists. Well a, of course, the victim in this case was over sixteen years of age. Then we come to b, that force or coercion is used to accomplish the sexual penetration, and of course force and coercion includes but is not limited to any of the circumstances listed in section 520b, 1f i 25 [sic]. Now taking all the evidence and all the circumstances and all the inferences to be derived therefrom, the Court finds that the

People have failed to meet their burden of proof that the crime known as third degree criminal sexual conduct was committed. However, the Court does find that the People have provided a crime not *[sic]* cognizable by this Court in that there is, that the crime of fourth degree criminal sexual conduct was committed and that there is probable cause to believe that the defendant committed it. Accordingly, I must bind the defendant over to the next term of the Houghton County Circuit Court on the charge of fourth degree criminal sexual conduct because there is considerable evidence in this case as to the fondling of the breasts and other portions of the body to put it within the fourth degree."

II

Defendant first argues that the magistrate did not abuse his discretion in binding defendant over to the circuit court on fourth-degree CSC rather than third-degree CSC.

An examining magistrate's function is to determine whether a crime has been committed and whether there is probable cause for charging the defendant with that crime. MCL 766.13; MSA 28.931. In making this determination, the magistrate has a duty to pass judgment not only on the weight and competency of the evidence, but also on the credibility of the witnesses. *People v Paille #2,* 383 Mich 621, 627; 178 NW2d 465 (1970); *People v Talley,* 410 Mich 378; 301 NW2d 809 (1981). The inquiry is not limited to a determination that the prosecution has presented evidence on each element. Rather, the magistrate must examine the whole matter and be satisfied that there is sufficient evidence to show that the crime was committed and to establish probable cause to believe defendant committed it. *People v King,* 412 Mich 145, 154; 312 NW2d 629 (1981). The magistrate "should not, however, discharge 'when evidence conflicts or raises reasonable doubt of [the

defendant's] guilt', since that presents the classic issue for the trier of fact". *King, supra,* pp 153-154.

"The object of a preliminary examination is not to prove guilt or innocence beyond a reasonable doubt, nor should a magistrate discharge a defendant when evidence conflicts or raises reasonable doubt of his guilt; such questions should be left for the jury upon the trial. *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954)." *People v Doss,* 406 Mich 90, 103; 276 NW2d 9 (1979).

Fourth-degree CSC requires proof of sexual contact accomplished with force or coercion, or knowledge that the victim is mentally incapable, mentally incapacitated or physically helpless. MCL 750.520e; MSA 28.788(5). Under the facts of this case, the only difference between fourth-degree CSC and third-degree CSC is the element of penetration required to prove third-degree CSC. The element of force or coercion in this case is identical for both offenses. MCL 750.520b(1)(f)(i) and (ii); MSA 28.788(2)(1)(f)(i) and (ii).

We note that there are three possible interpretations of the magistrate's ruling. Defendant argues that the magistrate bound defendant over on fourth-degree CSC because he disbelieved the victim's testimony that the defendant had actually committed penetration. On the other hand, the prosecution argues that the magistrate incorrectly found that the force or coercion element of third-degree CSC is different than the force or coercion necessary to commit fourth-degree CSC. In addition, we note that the bindover order itself lists MCL 750.520e(1)(b); MSA 28.788(5)(1)(b), which is sexual contact accomplished with knowledge that the victim was mentally incapacitated or physically helpless, rather than MCL 750.520e(1)(a); MSA 28.788(5)(1)(a), which is sexual contact accomplished with force or coercion.

We agree with the prosecution that if the magistrate based his ruling on the incorrect premise that the force or coercion necessary to establish third-degree CSC is different than that necessary to establish fourth-degree CSC, then the magistrate abused his discretion in binding defendant over on the lesser offense. The same can be said if the magistrate bound defendant over on subparagraph (b) (sexual contact accomplished with knowledge of victim's mental or physical incapacity), since that element, like force or coercion, is also present in third-degree CSC. In any event, complainant's own testimony at the preliminary examination precludes as a matter of law any finding that she was mentally incapable, mentally incapacitated or physically helpless as defined in MCL 750.520a; MSA 28.788(1).

The possibility that the magistrate found that sexual conduct short of penetration had occurred through force or coercion presents a more difficult question but we nevertheless hold that a ruling on that basis would also be an abuse of discretion. In order to arrive at this conclusion, the magistrate would have had to disbelieve the complainant's unequivocal testimony that penetration had occurred, while at the same time believing her testimony that sexual contact had occurred through force or coercion. Since the magistrate apparently found that the complainant was a credible witness, her testimony raised a question as to defendant's guilt and that question is properly one for the trier of fact. *Doss, supra.*

The circuit court properly found a clear abuse of discretion.

## III

Defendant also argues that the prosecution

failed to show probable cause to believe that the essential element of force or coercion was present. Without this element bindover on either third-degree or fourth-degree CSC would not have been proper. For the purposes of this case, force or coercion includes, but is not limited to, situations where the actor overcomes the victim through the actual application of physical force or physical violence, or where the actor forces the victim to submit by threatening to use force or violence and the victim believes the actor has the present ability to execute the threat. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

Here, although the complainant testified that defendant had not used force or threats to remove her clothing, she did testify that he held her down and was on top of her when he undressed her. She also testified that she told defendant she did not want "to do it" and cried during the incident. She further testified that she was too frigthened to resist defendant because he was stronger than she was. Furthermore, the evidence reveals that the complainant was only 16 years old and defendant was 22 or 23 years old.

Assuming that the magistrate did intend to bind defendant over on MCL 750.520e(1)(a); MSA 28.788(5)(1)(a) and not MCL 750.520e(1)(b); MSA 28.788(5)(1)(b), we conclude that the magistrate did not abuse his discretion in finding force or coercion. Compare *People v Jansson,* 116 Mich App 674, 685; 323 NW2d 508 (1982); *People v McGill,* 131 Mich App 465; 346 NW2d 572 (1984).

## IV

Defendant next argues that the magistrate deprived him of his Sixth Amendment right of confrontation by limiting cross-examination of complainant into certain areas pursuant to the rape-shield statute, MCL 750.520j(1); MSA 28.788(10)(1). Defendant also argues that the rape-shield statute does not apply to preliminary examinations.

The statute provides:

"(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

"(a) Evidence of the victim's past sexual conduct with the actor.

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

"(2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days *after the arraignment on the information* shall file a written motion and offer of proof. The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1)." (Emphasis added.)

Although the rape-shield statute does not appear on its face to apply to preliminary examinations,

the Michigan Rules of Evidence contain parallel provisions which do apply. MRE 101, 1101. MRE 401 and 402 allow the admission of evidence when it is relevant. Evidence is relevant when it has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. MRE 404(a) provides:

"Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

* * *

"(3) * * * In a prosecution for criminal sexual conduct, evidence of the victim's *past* sexual conduct with the defendant and evidence of specific instances of sexual activity showing the source or origin of semen, *pregnancy,* or disease; * * *." (Emphasis added.)

"[T]he Sixth Amendment right to confrontation requires only that the defendant be permitted to introduce relevant and admissible evidence." *People v Hackett,* 421 Mich 338, 354; 365 NW2d 120 (1984). Ordinarily a complainant's reputation for unchastity or her past sexual conduct with third persons is irrelevant and inadmissible to show consent. *Hackett, supra,* p 355.

In this case, the defendant sought to cross-examine the victim on two issues. The defendant began his inquiry by asking the court to allow him to ask the victim about her past sexual experience. The defendant wished to show "this was not an unusual experience for her [the victim] and this was something which she did have some knowledge of how to handle because she'd handled it in the past". The district judge properly refused to allow the defendant to question the victim on her past sexual experiences. The victim's past sexual expe-

rience was irrelevant. MRE 404(a)(3). A woman's previous consent to sexual relations with others is not relevant to establish that she consented to intercourse with the defendant. Moreover, it is not relevant to impeach the victim's credibility as a witness inasmuch as evidence of a woman's chastity has nothing to do with her propensity for lying. *Hackett, supra,* p 352.

Defendant then desired to know when the complainant had allegedly filed another CSC charge against another person in another county. Defendant claimed "that that would be demonstrative of her state of mind and of her willingness to involve herself in the kind of conduct that occurred here". In *Hackett, supra,* p 348, the Supreme Court mentioned that a defendant should be allowed to show that the complainant had made false accusations of rape in the past. There was no argument here that the complainant's alleged CSC charge against another person was falsely made and, therefore, we conclude that this evidence was not relevant and was properly excluded by the magistrate under MRE 404(a). However, our ruling here does not preclude defendant from seeking an *in camera* hearing under the rape-shield statute in the circuit court to determine whether the complainant had made false accusations of rape against a third person.

It appears that the complainant may have been pregnant at the preliminary examination which was held more than one year after the alleged incident. The defendant wished to cross-examine the victim on out-of-court statements which she had allegedly made that the child which she was carrying was the defendant's. Again, this evidence was properly excluded under MRE 404(a) because it did not show *past* sexual conduct with the defendant but instead showed conduct which took

place long after the rape. Moreover, although the statement purported to show the source of pregnancy, that pregnancy was not the result of the CSC at issue and, therefore, was irrelevant.

Affirmed.