PEOPLE v TINSLEY

Docket No. 100231. Submitted January 5, 1989, at Detroit. Decided March 21, 1989.

David Tinsley was charged with armed robbery and possession of a firearm in the commission of a felony for allegedly entering a store, taking money belonging to a store customer while the money was on a store counter, and pulling out a gun and pointing it at the customer and another individual as they chased him after he left the store. Following preliminary examination, defendant was bound over for trial on a charge of larceny from a person. The prosecution appealed to the Detroit Recorder's Court, which reversed the examining magistrate's bindover decision and ordered trial on the original charges, Samuel C. Gardner, J. Defendant was convicted as originally charged after a bench trial before Clarice Jobes, J. Defendant appealed.

The Court of Appeals *held:*

Robbery is a continuous offense which is not complete until the perpetrator reaches a place of temporary safety. Hence, the element of use of force or coercion, which is necessary for a conviction of robbery, may be satisfied where, as here, force or intimidation was used in retaining the property taken or attempting escape rather than in taking the property.

Affirmed.

ROBBERY — USE OF FORCE.

Robbery is a continuous offense which is not complete until the perpetrator reaches a place of temporary safety; hence, the element of use of force or coercion, which is necessary for a conviction of robbery, may be satisfied where force or intimidation was used in retaining the property taken or in attempting escape rather than in taking the property.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Robbery §§ 22-30.

Use of force or intimidation in retaining property or in attempting to escape, rather than in taking property, as element of robbery. 93 ALR3d 643.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Brigid Vincent Marley,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for defendant.

Before: Gillis, P.J., and Shepherd and Sawyer, JJ.

Per Curiam. Following a bench trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The trial court sentenced defendant to three to twenty years imprisonment for armed robbery. That sentence was to run consecutively with defendant's mandatory two-year sentence for felony-firearm. Defendant appeals as of right. We affirm.

Defendant was originally charged with the offenses of which he was convicted. At the preliminary examination, the victim testified that he was at a tire store and placed money on the counter to pay for his transaction. Defendant then "snatched" the money off the counter and ran out of the store. The victim pursued defendant. The victim's son, who was outside the store's entrance, observed the victim giving chase and also began to chase defendant. When the victim's son came within nine feet of defendant, defendant pulled out a gun and pointed it at them. The victim was approximately thirty to forty feet behind defendant at that point and did not think that he could catch defendant. Upon seeing the gun, both the victim and his son stopped their pursuit.

Coincidentally, a police officer was driving by

when he saw the victim's son chasing defendant and defendant pull out a gun. The officer arrested defendant and recovered the gun and the victim's money.

The district court bound defendant over on a charge of larceny from a person, MCL 750.357; MSA 28.589, finding that the snatching of the money and the use of the weapon to assault the victim's son were separate transactions and that the gun was not used to effect the taking so as to constitute an armed robbery.

The prosecutor appealed and former Recorder's Court Chief Judge Samuel Gardner reversed the district court's decision, holding that Michigan views robbery as a continuous offense, which is not complete until the perpetrator reaches a place of temporary safety. *People v Patricia Turner,* 120 Mich App 23, 28-29; 328 NW2d 5 (1982), lv den 417 Mich 1064 (1983). Hence, the use of force or intimidation in retaining the property taken or in attempting to escape rather than in taking the property itself is sufficient to supply the element of force or coercion essential to the offense of robbery. See *People v LeFlore,* 96 Mich App 557; 293 NW2d 628 (1980), lv den 409 Mich 927 (1980); *People v Beebe,* 70 Mich App 154; 245 NW2d 547 (1976); *People v Herbert Sanders,* 28 Mich App 274; 184 NW2d 269 (1970). See also Anno: *Use of force or intimidation in retaining property or in attempting to escape, rather than in taking property, as element of robbery,* 93 ALR3d 643.

At trial, the victim testified consistently with his preliminary examination testimony. However, he did testify that he was two hundred feet from defendant when defendant pulled out the gun. The victim also testified that he was close to his son and they darted behind a sign upon seeing the gun. The officer testified that defendant was three

hundred feet from the store. Defense counsel again argued that defendant could only be convicted of larceny from a person and, if so charged, felonious assault as to the victim's son. After reviewing the case law, Detroit Recorder's Court Judge Clarice Jobes convicted defendant of armed robbery and felony-firearm.

Defendant now claims that former Chief Judge Gardner erred when he reversed the district court's decision to bind him over on a charge of larceny from a person and that Judge Jobes' finding that he was guilty of armed robbery was clearly erroneous. Despite defendant's arguments to the contrary, our review of Michigan case law indicates that former Chief Judge Gardner's analysis of the issue was correct and, therefore, he properly reversed the district court's bindover decision. See *People v Makela,* 147 Mich App 674; 383 NW2d 270 (1985). Likewise, Judge Jobes could properly find defendant guilty of armed robbery upon these facts.

Affirmed.