PEOPLE v RAMSEY

Docket No. 186989. Submitted July 9, 1996, at Lansing. Decided August 6, 1996, at 9:30 A.M.

Michael Ramsey was convicted of larceny in a building following a bench trial in the Detroit Recorder's Court, George W. Crockett, III, J. The defendant had been charged with unarmed robbery after he and an accomplice had left a retail store with merchandise they did not pay for and had threatened pursuing store employees with physical harm. The defendant appealed, claiming that the first-degree retail fraud statute, MCL 750.356c(3); MSA 28.588(3)(3), precluded the conviction.

The Court of Appeals *held*:

Under MCL 750.356c(3); MSA 28.588(3)(3), a person who commits the crime of first-degree retail fraud, which includes stealing from a store open to the public merchandise offered for sale at a price of more than $100, shall not be prosecuted for felony larceny, felony false pretenses with intent to defraud, or larceny in a building. The limitation on prosecutorial charging discretion provided in § 356c(3) does not prevent a prosecutor from charging a defendant with unarmed robbery where, as here, the facts support such a charge, nor does it prohibit a conviction of larceny in a building as a cognate lesser included offense of unarmed robbery where, as here, the evidence is sufficient to support the conviction.

Affirmed.

CRIMINAL LAW — FIRST-DEGREE RETAIL FRAUD — PROHIBITION OF OTHER PROSECUTIONS.

A person who commits first-degree retail fraud may not be prosecuted on the basis of the same conduct for felony larceny, felony false pretenses with intent to defraud, or larceny in a building; an ultimate conviction of larceny in a building flowing from an original charge of unarmed robbery is not prohibited where the facts support the charge and the conviction (MCL 750.356c; MSA 28.588[3][3]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting

Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, for the people.

*Robert G. Fleming*, for the defendant on appeal.

Before: Neff, P.J., and Fitzgerald and C. A. Nelson,* JJ.

Fitzgerald, J. Defendant was charged with unarmed robbery, MCL 750.530; MSA 28.798. Following a bench trial, he was convicted of larceny in a building, MCL 750.360; MSA 28.592, and was sentenced to a prison term of one to four years. Defendant appeals as of right. We affirm.

On December 12, 1994, Gloria Lane was observed by Kmart employees entering the Kmart store in Dearborn. Shortly thereafter, defendant and Lane were observed approaching the exit door of the store with a shopping cart containing unbagged Kmart merchandise. Employee Keith Calloway approached defendant and Lane immediately outside the Kmart automobile service entrance and requested to review the merchandise sales receipt. Neither defendant nor Lane was able to produce a receipt. Defendant and Lane then continued to proceed out the door.

Kmart employees Alfred Andrade and Paul Kohmescher came to assist Calloway. Defendant brandished a knife, and a struggle ensued. Lane threatened to shoot if the employees did not release defendant. Defendant was eventually restrained, and Lane fled the scene with a chain saw she retrieved from the shopping cart.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On appeal, defendant contends that the Legislature's enactment of the first-degree retail fraud statute, MCL 750.356c; MSA 28.588(3), precludes his conviction of larceny in a building. Under the facts of this case, we disagree.

The first-degree retail fraud statute provides:

(1) A person who does any of the following in a store or in its immediate vicinity is guilty of retail fraud in the first-degree, a felony punishable by imprisonment for not more than 2 years, or a fine of not more than $1,000.00, or both:

(a) While a store is open to the public, alters, transfers, removes and replaces, conceals, or otherwise misrepresents the price at which property is offered for sale, with the intent not to pay for the property or to pay less than the price at which the property is offered for sale, if the resulting difference in price is more than $100.00.

(b) While a store is open to the public, steals property of the store that is offered for sale at a price of more than $100.00.

(c) With the intent to defraud, obtains or attempts to obtain money or property from the store as a refund or exchange for property that was not paid for and belongs to the store, if the amount of money, or the value of the property, obtained or attempted to be obtained is more than $100.00.

(2) A person who violates section 356d[1] and has 1 or more prior convictions under this section, section 218, 356, 356d, or 360,[2] or a local ordinance substantially corresponding to this section or section 218, 356, 356d , or 360 is guilty of retail fraud in the first degree.

(3) A person who commits the crime of retail fraud in the first degree *shall not be prosecuted under the felony provi-*

---

[1] MCL 750.356d; MSA 28.588(4).

[2] MCL 750.218; MSA 28.415, MCL 750.356; MSA 28.588, MCL 750.356d; MSA 28.588(4), or MCL 750.360; MSA 28.592.

*sion of section 356,*[3] *or under section 218 or 360.*[4] [MCL 750.356c; MSA 28.588(3) (emphasis added).]

Defendant argues that § 356c(3) precludes his *conviction* under § 360. However, a plain reading of the statute reveals a clear legislative expression of intent to limit *prosecutorial charging discretion.* See, e.g., *People v Little,* 434 Mich 752, 760, n 9; 456 NW2d 237 (1990). Therefore, a prosecutor is prohibited by § 356c(3) from charging a defendant with the felony of larceny in a building for acts that constitute first-degree retail fraud. See, e.g., *People v Johnson,* 207 Mich App 263, 265; 523 NW2d 655 (1994); *People v Odendahl,* 200 Mich App 539; 505 NW2d 16 (1993).

Here, however, defendant was charged with unarmed robbery on the basis of his use of force to ensure the complainant's loss of possession. See, e.g., *People v LeFlore,* 96 Mich App 557, 562-563; 293 NW2d 628 (1980). Section 356c(3) does not enumerate unarmed robbery as a crime that may not be charged. The reason for this is apparent: the offense of unarmed robbery requires proof that the taking was accomplished by force and violence or by assault or putting a person in fear. The additional element of force or assault places the crime outside the definition of first-degree retail fraud as that offense is defined in § 356c. Consequently, § 356c(3) does not limit a prosecutor's discretion to charge a defendant with unarmed robbery where the facts support such a charge.[5]

---

[3] MCL 750.356; MSA 28.588.

[4] MCL 750.218; MSA 28.415 or MCL 750.360; MSA 28.592.

[5] Defendant has not raised an argument regarding the sufficiency of the evidence to support an unarmed robbery charge.

Defendant also argues that § 356c(3) prohibits a *conviction* of larceny in a building where the facts established at trial reveal that the defendant committed first-degree retail fraud. Again, we disagree. Section 356c(3) limits only prosecutorial *charging* discretion and, by its plain terms, does not prohibit a *conviction* for larceny in a building as a cognate lesser included offense of unarmed robbery where, as here, the evidence is sufficient to support the conviction.[6]

Affirmed.

---

[6] Larceny in a building is a cognate lesser included offense of armed robbery. *People v Stein*, 90 Mich App 159, 167; 282 NW2d 269 (1979). Armed robbery differs from unarmed robbery only by the presence of a weapon. *People v Parker*, 417 Mich 556, 565; 339 NW2d 455 (1983). It follows, therefore, that larceny in a building is also a cognate lesser included offense of unarmed robbery.