PEOPLE v RANDOLPH

Docket No. 214109. Submitted July 19, 2000, at Detroit. Decided September 1, 2000, at 9:05 A.M.

Kalvin Randolph was convicted by a jury in the Wayne Circuit Court, Sean F. Cox, J., of unarmed robbery and was sentenced as a second-offense habitual offender to five to fifteen years of imprisonment. The defendant appealed.

The Court of Appeals *held*: ·

1. The conviction of unarmed robbery must be reversed because there was insufficient evidence to support the conviction. Unarmed robbery is the felonious taking of property from another by force, violence, assault, or putting in fear while being unarmed. The force element of the offense of unarmed robbery may be satisfied by an' assault of the victim that occurs after the taking of the victim's property if the assault is used to accomplish the taking. In this case where the defendant was observed in a store attempting to conceal merchandise in his jacket, left the store without paying for the merchandise, and scuffled with store security guards in the parking lot but did not get away, there was insufficient evidence for conviction of unarmed robbery inasmuch as the defendant did not accomplish the taking.

2. On remand, a judgment of conviction of larceny in a building must be entered unless the prosecution opts, on the basis of additional evidence, to retry the defendant on the original charge. The jury was instructed on larceny in a building as a cognate lesser included offense of unarmed robbery, and the defendant admitted that he left the store without paying for the merchandise.

3. The defendant failed to overcome the presumption that he received effective assistance of counsel at trial. The defendant failed to show that counsel's performance fell below an objective standard of reasonableness or that the representation so prejudiced him that it deprived him of a fair trial.

4. The trial court, when it sentenced the defendant, correctly determined that the defendant was a poor candidate for rehabilitation in light of his age, criminal record, and drug abuse. At resentencing on remand, the presentence report should reflect that the defendant has two, not four, prior misdemeanor convictions.

Reversed and remanded.

1. ROBBERY — UNARMED ROBBERY — USE OF FORCE AFTER TAKING — INTENT.

The force element of the offense of unarmed robbery may be satisfied by an assault of the victim that occurs after the taking of the victim's property if the assault is used to accomplish the taking; the larcenous transaction should be viewed as a whole to determine whether the assault is used to sever the victim's possession or preserve the defendant's possession of the stolen goods (MCL 750.350; MSA 28.798).

2. ROBBERY — ESCAPE.

Robbery is a continuous offense that is not complete until the perpetrator reaches a place of temporary safety.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Carolyn M. Breen*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gary L. Rogers*), for the defendant on appeal.

Before: HOOD, P.J., and SAWYER and CAVANAGH, JJ.

CAVANAGH, J. Defendant appeals as of right from a jury trial conviction of unarmed robbery, MCL 750.530; MSA 28.798. Defendant was sentenced as a second-offense habitual offender, MCL 769.10; MSA 28.1082, to five to fifteen years' imprisonment. We reverse and remand.

On November 12, 1997, defendant was seen attempting to conceal a drill and a thermostat in his jacket in a Meijer store. Defendant then went to the checkout lanes where he purchased some oil. Defendant proceeded out of the store without paying for the drill or the thermostat. After defendant left the store, a struggle between defendant and store security guards ensued in the parking lot. According to the

security guards defendant pulled one of the guards to the ground, holding her there for several minutes and causing her to suffer a fractured bone and two broken teeth. The security guards eventually restrained defendant with the aid of a taxicab driver.

Defendant admitted at trial that he took items from the Meijer store without paying for them. However, he denied using any force against the security guards in the parking lot. Defendant claimed that after he left the store he was hit or kicked from behind, causing him to fall forward. A jury convicted defendant of unarmed robbery.

Defendant first argues on appeal that the prosecution failed to present sufficient evidence at trial to sustain his conviction of unarmed robbery. We agree. In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999); *People v Godbold*, 230 Mich App 508, 522; 585 NW2d 13 (1998).

Defendant was charged and convicted of unarmed robbery. The elements of unarmed robbery are (1) a felonious taking of property from another, (2) by force, violence, assault, or putting in fear, and (3) being unarmed. MCL 750.530; MSA 28.798; *People v Johnson*, 206 Mich App 122, 125-126; 520 NW2d 672 (1994).

In this case, defendant admitted that he took merchandise from the store without paying for it. However, defendant contends that there was no evidence that he used force or threats to take the property

from a person. Defendant further contends that even if he used force to get away from the security guards, he is not guilty of unarmed robbery because he never succeeded in escaping the premises.

In *People v LeFlore*, 96 Mich App 557, 561-562; 293 NW2d 628 (1980), this Court stated:

> Our Court has recognized that the assault may follow the taking if that force is used to completely sever the victim's possession. Implicit in this recognition is the requirement that the defendant intend at the time of the assault to preserve his possession of the stolen goods; his larcenous intent must be constant. The larceny transaction should be viewed as a whole to determine the defendant's intent.
>
> We believe that this "transaction approach" is appropriate for analyzing any larceny, particularly robbery, where the forceful act may greatly precurse or lag behind the taking. Both the armed and unarmed robbery statutes are clear that the forceful act must be *used to accomplish* the taking. Unless there is a purposeful relationship between these two elements, the criminal episode is merely two isolated crimes of larceny and perhaps assault and battery. The entire larcenous transaction should be reviewed to determine if there is a continuity of intent between the forceful act and the taking (or vice versa). If so, a robbery conviction is possible. If not, there may merely be larceny from the person. [Citations omitted; emphasis in original.]

In *People v Tinsley*, 176 Mich App 119, 120; 439 NW2d 313 (1989), this Court affirmed a conviction of armed robbery when the defendant, after having taken another person's money from a store counter, pointed a gun at the pursuing victim while fleeing. The *Tinsley* Court stated that "the use of force or intimidation in retaining the property taken or in attempting to escape rather than in taking the property itself is sufficient to supply the element of force or coercion essential to the offense of robbery." *Id.* at

121. Moreover, in *People v Turner*, 120 Mich App 23, 28; 328 NW2d 5 (1982), this Court stated that "robbery is also a continuous offense: it is not complete until the perpetrators reach temporary safety."

There was evidence presented at trial that defendant used force as a means of escaping the store's security guards; therefore, viewing defendant's crime as a whole larcenous transaction, defendant would have been guilty of unarmed robbery if he had succeeded in his escape as did the defendants in *Tinsley* and *Turner*. However, viewing the crime as a whole larcenous transaction requires the conclusion that there was insufficient evidence to support defendant's conviction of unarmed robbery because defendant was unsuccessful in escaping and thus he never completed the larcenous transaction. Therefore, we conclude that there was insufficient evidence to support defendant's conviction of unarmed robbery.

Where, as here, reversal is required because the jury was permitted to consider a charge unwarranted by the proofs, the appropriate remedy is to remand for entry of a conviction on the lesser included offense and for resentencing, with the prosecutor having the option to retry the defendant on the original charge if additional evidence is discovered to support it. *Johnson, supra* at 125. In this case, the jury was instructed on the offense of larceny in a building, MCL 750.360; MSA 28.592, which is a cognate lesser included offense of unarmed robbery. *People v Ramsey*, 218 Mich App 191, 195, n 6; 553 NW2d 360 (1996).

The elements of larceny in a building are (1) the actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the goods or

property must be the personal property of another, (5) the taking must be without the consent and against the will of the owner, and (6) the taking must occur within the confines of the building. *People v Sykes*, 229 Mich App 254, 278; 582 NW2d 197 (1998). Because larceny in a building is a cognate lesser included offense of unarmed robbery, of which the jury found defendant guilty, and defendant admitted that he took property out of the store without paying for it, we find that sufficient evidence was presented to sustain a conviction of larceny in a building.

Accordingly, we reverse defendant's conviction of unarmed robbery and remand for entry of a judgment of conviction of the lesser offense of larceny in a building. Defendant is also entitled to resentencing.

Defendant further asserts that he was denied the effective assistance of counsel. Because defendant did not request a *Ginther*[1] hearing, our review is limited to mistakes apparent on the record. *People v Williams*, 223 Mich App 409, 414; 566 NW2d 649 (1997). After carefully reviewing the record, we find that defendant has not sustained his burden of proving ineffective assistance of counsel. Defendant has failed to show that his counsel's performance fell below an objective standard of reasonableness or that the representation so prejudiced him that it deprived him of a fair trial. See *People v Stanaway*, 446 Mich 643, 687-688; 521 NW2d 557 (1994). Defendant has failed to show that his counsel acted unreasonably in not challenging an allegedly biased juror. See *People v Robinson*, 154 Mich App 92, 93-94; 397 NW2d 229 (1986). Furthermore, the remaining errors alleged by defend-

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

ant are not apparent from the existing record and defendant, therefore, has not overcome the presumption that he received effective assistance of counsel.

For purposes of remand for resentencing, we note that we disagree with defendant's contention that the trial court improperly based defendant's sentence on the belief that defendant's age made him a poor candidate for rehabilitation. The trial court properly considered defendant's age in terms of other permissible and relevant factors, such as defendant's extensive criminal record and admitted drug abuse, in sentencing defendant to a reasonable term of years. See *People v Fleming*, 428 Mich 408, 423-424, n 17; 410 NW2d 266 (1987); *People v McKernan*, 185 Mich App 780, 781-782; 462 NW2d 843 (1990).

We further note for purposes of remand that defendant's presentence report should reflect the agreement of the parties at the sentencing hearing that defendant's criminal record includes two, rather than four, misdemeanor convictions. See MCR 6.425(D)(3).

Reversed and remanded for entry of a judgment of conviction of larceny in a building and resentencing, unless the prosecutor opts to retry defendant on the original charge based on additional evidence. We do not retain jurisdiction.