654 N.W.2d 319 (2002)
Joan SATTLER, Plaintiff-Appellant,
v.
WAL MART STORES, INC., and Insurance Company of the State of Pennsylvania, Defendant-Appellee.
Docket No. 121135, COA No. 238859.
Supreme Court of Michigan.
December 18, 2002.
On order of the Court, the application for leave to appeal from the February 22, 2002 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
Michael F. Cavanagh and Markman, JJ., would remand to the Worker's Compensation Appellate Commission for reconsideration and clarification because of the significant inconsistency between its first and second opinions.
MARILYN J. KELLY, J., dissents and states as follows:
I would remand this case to the Worker's Compensation Appellate Commission for reconsideration and clarification because of the significant inconsistency between its first and second opinions.
The magistrate determined that plaintiff had proved a work-related injury to her hip, but not to her back. The WCAC entertained defendant's appeal from the finding of a compensable hip injury and reversed it. The commission mistakenly thought that plaintiff had not appealed from the finding regarding her back. Nevertheless, it remarked that, "it is quite *320 clear that plaintiff suffered a disabling work-related injury," but "[r]egrettably, we are constrained ... from considering the basis of the magistrate's denial of benefits for a back injury."
The Court of Appeals realized that plaintiff had indeed appealed from the magistrate's decision regarding her back injury and, therefore, remanded to the WCAC. Despite the comments in its first decision, the WCAC affirmed the magistrate's denial of benefits for the back injury in its second decision.
Considering the tenor of the first WCAC opinion and the inconsistency between the first and the second, it is clear that plaintiff suffered an injustice. If the WCAC had entertained plaintiff's appeal from the ruling regarding her back during the first decision, it likely would have reversed the magistrate's decision regarding that injury.
Therefore, I would remand this case to the WCAC for reconsideration and clarification given the inconsistency in its decisions.