PEOPLE v SCRUGGS

Docket No. 225337. Submitted January 31, 2003, at Lansing. Decided April 15, 2003, at 9:10 A.M.

George W. Scruggs was convicted by a jury in the Oakland Circuit Court, Nanci J. Grant, J., of armed robbery, MCL 750.529, after stealing a telephone from within a store, and then brandishing a knife in the parking lot when store employees confronted him. The defendant appealed, arguing that there was insufficient evidence to support his conviction. The Court of Appeals, MURPHY, P.J., and NEFF and HOEKSTRA, JJ., in an unpublished opinion per curiam decided March 19, 2002 (Docket No. 225337), affirmed, holding that there was sufficient evidence to support his conviction. The defendant sought leave to appeal in the Michigan Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *People v Randolph*, 466 Mich 532 (2002), which overruled use of the "transactional approach" to unarmed robbery, MCL 750.530. 467 Mich 921 (2002). The Supreme Court directed the Court of Appeals to address whether the holding in *Randolph* affects the prior determination by the Court of Appeals that there was sufficient evidence of armed robbery in this case, and further directed the Court of Appeals to analyze the language of the armed-robbery statute and address whether that language differs in relevant respects from the language of the unarmed-robbery statute.

On remand, the Court of Appeals *held*:

1. Under the "transactional approach," a robbery is not complete until the robber has escaped with the stolen merchandise. Thus, if a robber uses force after the taking, but before reaching temporary safety, a completed larceny may be elevated to robbery.

2. The Supreme Court in *Randolph* held that the "transactional approach" to robbery is not a concept embodied within the unarmed-robbery statute because, consistent with the common-law definition of robbery, the unarmed-robbery statute requires that a taking be accomplished by force or threat of force. Force used to retain or escape with stolen property is insufficient to sustain a charge under the unarmed-robbery statute.

3. Because the armed- and unarmed-robbery statutes contain similar definitions of the act of robbery, and because the armed-robbery statute contains no additional language to indicate an intent by the Legislature to expand the crime of armed robbery to include a "transactional approach," the armed-robbery statute does not allow for a conviction based on the "transactional approach." The defendant's conviction of armed robbery must be reversed, and the matter must be remanded for entry of a judgment of conviction of larceny in a building, MCL 750.360, and for resentencing on that conviction.

Reversed and remanded.

ROBBERY — ARMED ROBBERY — ASSAULT.

A conviction of armed robbery requires evidence that the assault against the victim occurred before, or contemporaneous with, the taking of the property (MCL 750.29).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Thomas R. Grden*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari K. Grove*) for the defendant.

Before: MURPHY, P.J., and NEFF and HOEKSTRA, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court for reconsideration in light of its decision in *People v Randolph*, 466 Mich 532; 648 NW2d 164 (2002). Specifically, the Supreme Court ordered this Court

to address whether the holding in *Randolph* affects the Court of Appeals prior determination that sufficient evidence of armed robbery, MCL 750.529, was presented in this case. In making this determination, the Court of Appeals is to analyze the language of the armed robbery statute, MCL 750.529, and is to address whether that language differs in relevant respects from the language of the

unarmed robbery statute, MCL 750.530, at issue in *Randolph*. [*People v Scruggs*, 467 Mich 921 (2002).]

Having undertaken the task required of us by the Supreme Court, we find that there is no material difference in the relevant language of the armed- and unarmed-robbery statutes. Thus we conclude, in light of *Randolph*, that Michigan's armed-robbery statute, MCL 750.529, does not encompass use of the "transactional approach" to armed robbery. Consequently, in the present case we reverse defendant George W. Scruggs' conviction of armed robbery and remand for entry of a judgment of conviction of larceny in a building, MCL 750.360, and for resentencing.

Previously, we concluded, among other things, that sufficient evidence was introduced at trial to support defendant's conviction of armed robbery.[1] In making this determination, we relied on the "transactional approach" to robbery found in a line of precedential cases from this Court.[2] However, in *Randolph, supra,* the Supreme Court specifically "overrule[d] the 'transactional approach' to *unarmed* robbery," *id.* at 551 (emphasis supplied), and now directs us, in essence,

---

[1] *People v Scruggs*, unpublished opinion per curiam of the Court of Appeals, issued March 19, 2002 (Docket No. 225337). Our analysis on remand is limited to the specific issue that the Supreme Court requires us to address and in no way affects the conclusions in our original opinion other than that concerning the sufficiency of the evidence for defendant's armed-robbery conviction.

[2] Under the "transactional approach," a robbery is not complete until the robber has escaped with stolen merchandise. Thus, if the robber uses force after the taking, but before reaching temporary safety, a completed larceny may be elevated to a robbery. *Randolph, supra* at 535, 540-543. Stated another way, the "transactional approach" elevates what otherwise would be a larcenous taking of the property of another to that of robbery if, after the taking of the property, the defendant employs a degree of force consistent with either unarmed or armed-robbery to effect his escape or to retain the property.

to determine whether the "transactional approach" is applicable with respect to *armed* robbery under MCL 750.529. In light of *Randolph* and the specific directive of the Supreme Court, our analysis is limited. The Supreme Court stated in *Randolph* that "the 'transactional approach' espoused by the Court of Appeals is without pedigree in our law and must be abandoned. *Sanders*,[3] *LeFlore*,[4] *Turner*,[5] and *Tinsley*[6] *are overruled.*"[7] *Randolph, supra* at 546. In doing so, the Supreme Court essentially limited our analysis to the determination of whether the language of MCL 750.529 requires a "transactional approach," as some statutes do in other jurisdictions.

In *Randolph, supra,* the Supreme Court quotes the language of Michigan's unarmed-robbery statute, MCL 750.530, adding emphasis to the pertinent language:

> Any person who shall, *by force or* [sic] *violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence,* any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years. [*Randolph, supra* at 536.]

---

[3] *People v Sanders*, 28 Mich App 274; 184 NW2d 269 (1970).

[4] *People v LeFlore*, 96 Mich App 557; 293 NW2d 628 (1980).

[5] *People v Turner*, 120 Mich App 23; 328 NW2d 5 (1982).

[6] People v *Tinsley*, 176 Mich App 119; 439 NW2d 313 (1989).

[7] We note that some of the cases that the Supreme Court expressly overruled are cases in which this Court applied the "transactional approach" to armed robbery. See *Sanders, supra; Turner, supra; Tinsley, supra.* We must admit to being perplexed about why the Supreme Court has given us this assignment when it has overruled cases involving armed robbery, thus sending an unmistakable signal that its holding in *Randolph* applies to armed-robbery cases as well.

Thereafter, the Court acknowledges that the roots of Michigan's robbery statutes, whether armed or unarmed, lie in the common law. *Id.* at 537. The Court explains that "[t]he first robbery statutes, enacted in 1838, adopted the common-law definition of robbery, but divided the offense by levels of severity, depending on whether a perpetrator was armed."[8] *Id.* The opinion then addresses whether the common law embraced the concept of a "transactional approach"

---

[8] The Court noted that as originally codified in 1838, the Michigan unarmed-robbery statute "is nearly identical to our current statute," *Randolph, supra* at 537, and that that statute provided:

> If any person shall, *by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another* any money or property, which may be the subject of larceny, (such robber not being armed with a dangerous weapon,) he shall be punished by imprisonment in the state prison not more than life, or for any term of years. [*Id.* at 537 n 5, quoting 1838 RS, tit 1, ch 3, § 12 (emphasis supplied in *Randolph*).]

The *Randolph* Court further noted that "[o]ther than stylistic changes, the only substantive modification since the first statute is the addition of the phrase 'or in his presence,'" which is consistent with the common-law definition of robbery. *Id.*

As originally codified in 1838, the Michigan armed-robbery statute provided:

> If any person shall assault another, and shall feloniously rob, steal and take from his person any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed, or if being so armed, he shall wound or strike the person robbed, he shall be punished by imprisonment in the state prison for life. [1838 RS, tit 1, ch 3, § 10.]

We note that there is a significant difference between the 1838 version of the armed-robbery statute and MCL 750.529. The former involves use of an actual weapon and requires intent to harm or actual physical contact, which are not necessarily required for armed robbery under MCL 750.529. However, this distinction is not relevant with respect to the issue before us.

to unarmed robbery and concludes that it does not.[9] The Court arrives at this conclusion because unarmed robbery at common law required a taking from the person accomplished by an earlier or contemporaneous application, or threat, of force or violence; however, if force was used later to retain the property, no robbery occurred. *Id.* at 537-539. Thus, the *Randolph* Court concludes that

> consistently with the rule under common law, MCL 750.530 [the unarmed-robbery statute] must be read to require a taking accomplished by "force or violence, or by assault or putting in fear." The statute excludes a nonforceful taking, even if force were later used to retain the stolen property. By the same reasoning, force used to escape with stolen property is insufficient to sustain a robbery charge under our statute. [*Id.* at 539.]

In the present case, we interpret the language of Michigan's armed-robbery statute, MCL 750.529, which provides:

> Any person who shall *assault another, and shall feloniously rob, steal and take from his person, or in his presence,* any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison. [Emphasis supplied.]

---

[9] The Court later reiterated that the "transactional approach" is contrary to the common law. *Id.* at 545.

The relevant language in this statute, italicized above, is similar to the language in Michigan's unarmed-robbery statute, MCL 750.530, on which the *Randolph* Court focused, i.e., "by force or [sic] violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence . . . ." Comparing the language of the armed- and unarmed-robbery statutes, it is apparent that the Legislature's intent was to define the act of robbery in both statutes in substantially the same manner. Although the unarmed-robbery statute uses more terms to define the force used to accomplish the taking, these terms essentially equate with the term "assault" as used in the armed robbery statute, and we find no reason to distinguish the two statutes on the basis of this language. Further, although the unarmed-robbery statute uses the words "from the person of another" to describe the victim, and the armed-robbery statute says "from his person," we find this textual difference to be of no significance to the analysis of the issue before us. Moreover, unlike some other states' statutes, Michigan's armed-robbery statute has no additional language that indicates an intent by the Legislature to expand the crime of armed robbery to include a "transactional approach."[10] Consequently, because the operative language of the armed-robbery statute is similar to that of the unarmed-robbery statute, and because no addi-

---

[10] For example, see *Randolph, supra* at 545-547 (some states' robbery statutes provide that a person commits robbery if that person uses force "in the course of committing" either a theft or larceny, and "the statutes define 'in the course of' to include either 'escape,' 'flight,' 'retention,' or 'subsequent to the taking.' . . . [Further, other states'] statutes specifically include the expressions 'resisting apprehension,' 'facilitate escape,' 'fleeing immediately after,' or used to 'retain possession.' ").

tional language supports the use of the "transactional approach," we find that the armed-robbery statute, like the unarmed-robbery statute, does not allow for a conviction based on the "transactional approach." Stated in the affirmative, we find that to prove armed robbery under Michigan law, the evidence must establish that the assault against the victim occurred before, or contemporaneous with, the taking of the property.

Turning now to the present case, we rely on the summary of facts in our previous opinion:

> In September 1999, defendant admittedly entered a store and stole a telephone. Store loss prevention employees observed defendant's conduct and followed him to the parking lot. When confronted in the parking lot, defendant struggled with a loss prevention employee. The employee allowed defendant to drive away when he saw that defendant had a knife, and thereafter the employee realized that he had sustained a cut on the hand. The other employee recorded defendant's license plate number, and later the police arrested defendant.

Because defendant used a knife against store employees to effectuate his escape from the parking lot, rather than before, or contemporaneous with, the taking of the telephone from inside the store, insufficient evidence was introduced at trial to support a conviction of armed robbery pursuant to MCL 750.529. Consequently, we reverse defendant's conviction of armed robbery. Because the jury was instructed on the lesser offense of larceny in a building, MCL 750.360, we remand to the trial court for entry of a judgment of conviction of larceny in a building and for sentencing on that conviction. *Randolph, supra* at 552-553.

Reversed and remanded. We do not retain jurisdiction.